**Joseph McNALLY, Florence Gill, Deirdre McNally, Philip, McDonnell, Sr. and Angela McDonnell, Appellants,**

v.

**REPUBLIC INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued July 15, 1998.

Filed Sept. 11, 1998.

Anthony M. Di Massa, Philadelphia, for appellants.

William K. Conkin, Philadelphia, for appellee.

Before KELLY and JOYCE, JJ., and CERCONE, President Judge Emeritus.

JOYCE, Judge:

This is an appeal from the final order of the trial court granting the motion for summary judgment filed by Appellee, Republic Insurance Company (Republic). For the reasons set forth below, we affirm. Before reviewing the merits of this appeal, we will briefly recount the relevant facts.

Philip McDonnell, Jr. and his wife, Rosemarie, (McDonnell Juniors) owned a residence located at 5103 Linden Avenue in the City of Philadelphia, Pennsylvania.[1] The McDonnell Juniors were insured under a homeowner's policy issued by Republic. On November 7, 1987, Philip McDonnell, Sr. and his wife, Angela, (McDonnell Seniors) were at the McDonnell Juniors' residence babysitting their grandchild. A confrontation between Philip McDonnell, Sr. and Joseph McNally, his wife, Florence Gill, and their daughter, Deirdre McNally (McNallys) ensued during which McDonnell, Sr. threatened and fired a handgun at the McNallys.

The McNallys instituted a tort action against the McDonnell Juniors and McDonnell Seniors. *See McNally v. McDonnell*, October Term, 1989, No. 6815.[2] Republic tendered a defense to the McDonnell Juniors but refused to defend and indemnify the McDonnell Seniors. Following a hearing on

---

1. The record contains various spellings of all of the parties' names. We will utilize the spellings set forth above for consistency.

2. Philip McDonnell, Sr. died in April, 1991. The certified record submitted to this Court does not indicate that his personal representative was substituted as a party to this action.

August 22, 1991, the arbitrators found Philip McDonnell, Jr. and Philip McDonnell, Sr. to be wholly responsible for the McNallys' injuries and awarded each of the McNally plaintiffs $20,000.00, resulting in an aggregate sum of $60,000.00.

Republic appealed the arbitration award.[3] In April of 1992, the McNallys and McDonnell Juniors entered into a settlement agreement pursuant to which the McNallys received the sum of $9,000.00.[4] The certified record does not reveal whether a trial *de novo* or other disposition has occurred in the McNallys' action against the McDonnell Seniors.

In February of 1995, the McNallys and McDonnell Seniors commenced the instant declaratory judgment action against Republic, which subsequently filed a document encaptioned "Brief in the Form of a Motion for Judgment on the Pleadings or Alternatively Motion for Summary Judgment." The trial judge treated Republic's filing as a motion for summary judgment which he granted on November 24, 1997. Appellants, the McNallys and McDonnell Seniors, timely appealed and present the following issues for review: (1) whether the trial court erred in concluding that Philip McDonnell Sr. was not an insured or residence employee under the policy; (2) whether a duty to defend exists because the instrumentality of the tort, i.e., the handgun, was subject to the coverage provisions of the policy; and (3) whether the policy excludes coverage for intentional torts.[5]

All of the issues raised by Appellants concern the trial court's grant of summary judgment and whether Republic has a duty to defend and indemnify the McDonnell Seniors. In evaluating these matters, we recognize that "[s]ummary judgment is granted only in the clearest of cases, where the right is clear and free from doubt. The moving party has the burden of proving the nonexis-

tence of any genuine issue of fact." *Cooper v. Delaware Valley Medical Center*, 539 Pa. 620, 632–633, 654 A.2d 547, 553 (1995).

> In reviewing a grant of summary judgment, an appellate court may disturb the order of the trial court only where there has been an error of law or a manifest abuse of discretion. Nevertheless, the scope of review is plenary and the appellate court shall apply the same standard for judgment as the trial court.... The record is to be viewed in the light most favorable to the nonmoving party, and all doubts as to the presence of a genuine issue of material fact must be resolved against the moving party.

*Albright v. Abington Memorial Hospital*, 548 Pa. 268, 279–280, 696 A.2d 1159, 1165 (1997) (citations omitted).

█ We further note that a declaratory judgment action may be maintained to determine whether an insurer has a duty to defend and/or indemnify a party making a claim under the policy. *General Accident Insurance Co. of America v. Allen*, 547 Pa. 693, 706, 692 A.2d 1089, 1095 (1997) (hereinafter *Allen*). In undertaking this analysis,

> [a] court's first step ... is to determine the scope of the policy's coverage. After determining the scope of the policy's coverage, the court must examine the complaint in the underlying action to ascertain if it triggers coverage. If the complaint against the insured avers facts that would support a recovery covered by the policy, then coverage is triggered and the insurer has a duty to defend until such time that the claim is confined to a recovery that the policy does not cover. The duty to defend also carries with it a conditional obligation to indemnify in the event the insured is held liable for a claim covered by the policy.

*Id.* (citations omitted).

In interpreting an insurance policy, a court must ascertain the intent of the parties as

---

**3.** An appeal by any party operates as an appeal by all parties as to all issues unless otherwise stipulated in writing by all the parties. Pa.R.Civ. P., Rule 1309, 42 Pa.C.S.A.

**4.** Mr. McNally and his wife each received $4,125.00; the child received $750.00.

**5.** We question whether the McNallys have standing to maintain a declaratory judgment action against Republic premised on its failure to defend the McDonnell Seniors. However, as Appellants do not discuss the McNallys' interests vis-à-vis Republic, we will confine our analysis to a discussion of Republic's duty to defend the McDonnell Seniors.

manifested by the language of the written agreement. When the policy language is clear and unambiguous, the court must give effect to the language of the contract. However, if the policy provision is ambiguous, the policy provision must be construed in favor of the insured and against the insurer as the drafter of the instrument. Also, the words of the insurance policy must be construed in their natural, plain and ordinary sense. Moreover, an insurance policy, like any other contract, must be read in its entirety and the intent of the policy is gathered from consideration of *the entire instrument.*

*Riccio v. American Republic Insurance Co.,* 550 Pa. 254, 263–264, 705 A.2d 422, 426 (1997) (citations omitted). We will consider Appellants' arguments and the decision of the trial court in accordance with the above principles.

The policy issued by Republic provides liability coverage for property damage or bodily injury claims brought against an insured. Homeowner's Insurance Policy (hereinafter Policy) at 9, Section II–E (Personal Liability Coverage). The policy specifically defines an "insured" to mean the named insured and the following residents of the named insured's household:

a. your relatives;

b. any other person under the age of 21 who is in the care of any person named above.

c. with respect to animals or watercraft to which this policy applies, any person or organization that is legally responsible for these animals or watercraft which are owned by you or any person included in 3a or 3b. . . .

d. with respect to any vehicle to which this policy applies, any person while engaged in your employment or the employment of any person included in 3a or 3b.

*Id.* at 1, paragraph 3 (Definitions).[6]

■■■ Appellants assert that the McDonnell Seniors are insureds, as defined above. Appellants' Brief at 5–10. While the McDon-

nell Seniors are undeniably relatives of the McDonnell Juniors, nothing in the record demonstrates that they were residents of the McDonnell Juniors' household at the time of the incident. The record instead reflects that the McDonnell Seniors maintained their own residence. *See* McNallys' Complaint at paragraphs 3–5 and Appellants' Complaint for Declaratory Judgment at paragraphs 1 and 3 (both of which aver that Philip McDonnell, Sr. and Angela McDonnell reside at 7239 Algard Street). Even if we were to assume that the McDonnell Seniors visited or stayed at the McDonnell Juniors' residence, as baldly asserted by Appellants, *see* Appellants' Brief at 6, temporary stays of this type do not constitute residency. *See Norman v. Pennsylvania National Insurance Co.,* 453 Pa.Super. 569, 684 A.2d 189, 192 (Pa.Super.1996) (tortfeasor was not a resident of his relatives' households where he periodically stayed at their homes).

■■ As an alternative, Appellants suggest that a duty to defend exists because the McDonnell Seniors were "residence employees." Appellants' Brief at 5–10. The policy obligates Republic to defend claims brought against insureds, which includes named insureds, resident relatives or the other persons who fall within the definition of an insured set forth above. Policy, Definitions and Section II–E, *supra.* A "residence employee" is not included in the definition of an insured and we will not torture the clear and unambiguous language of the policy so as to create a duty that does not otherwise exist. Appellants' reliance on the McDonnell Seniors' status as residence employees is thus misplaced.

Appellants next posit that a duty to defend exists because the instrumentality of the tort, i.e., the handgun, was subject to the coverage provisions of the policy. As correctly noted by Republic, *see* Appellee's Brief at 9, this precise argument is raised for the first time on appeal and is therefore waived. *See* Pa. R.A.P., Rule 302(a), 42 Pa.C.S.A. (issues not raised in the lower court are waived and cannot be raised for the first time on appeal).

---

**6.** The definitions set forth in subsections 3c and 3d are inapplicable and will not be further discussed.

Even were we to consider the merits of this claim, Appellants would not be entitled to any relief thereon.

Appellants' aver that the handgun was the property of the named insured, Philip McDonnell, Jr. Appellants' Brief at 11. However, Appellants fail to explain how McDonnell, Sr.'s usage of McDonnell, Jr.'s personalty transforms the McDonnell Seniors into insureds so as to require a duty to defend on the part of Republic. Usage of covered property simply does not cause a person to be an insured under the policy for liability purpose. Because the McDonnell Seniors are not insureds, Republic has no duty to defend them regardless of whether the injuries arose out of an instrumentality or condition of the insured premises. Hence, no relief is due on this basis.

Appellants' final claim relates to the application of the intentional tort exclusion of the policy. We need not consider this issue, in light of our determination that Republic has no duty to defend the McDonnell Seniors because they are not insureds. Finding no basis upon which to disturb the decision of the lower court, we affirm.

Order affirmed.