

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-17-2003

# Cat Internet Ser v. Providence

Precedential or Non-Precedential: Precedential

Docket No. 01-4166

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Cat Internet Ser v. Providence" (2003). *2003 Decisions*. Paper 414.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/414

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed November 18, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-4166

CAT INTERNET SERVICES, INC.,
INTERNET SUPPLY, INC.

Appellees

v.

PROVIDENCE WASHINGTON INSURANCE CO.,
YORK INSURANCE COMPANY,

Appellants

On Appeal from the United States District Court
for the Eastern District of Pennsylvania

District Court Judge: Honorable Anita B. Brody
(D.C. Civil No. 00-CV-3238)

Argued October 29, 2002

Before: SLOVITER, FUENTES, Circuit Judges, and
DEBEVOISE,* Senior District Judge

(Opinion filed: November 18, 2002)

---

* Honorable Dickinson R. Debevoise, Senior United States District Judge
for the District of New Jersey, sitting by designation.

Michael F. Aylward, Esq. (Argued)
Morrison, Mahoney and Miller
250 Summer Street
Boston, MA 02210-1181

Eugene J. Maginnis, Jr., Esq.
Dugan, Brinkmann, Maginnis
 and Pace
Suite 1400
1880 John F. Kennedy Boulevard
Philadelphia, PA 19103
   Attorneys for Appellants

Stephen Levin, Esq. (Argued)
81 Big Oak Road, Suite 100
Morrisville, PA 19607
   Attorney for Appellees

Laura A. Foggan, Esq.
John C. Yang, Esq.
Seth J. Blonder, Esq.
Wiley Rein & Fielding LLP
1776 K Street, N.W.
Washington, D.C. 20006
   Attorney for *Amicus Curiae*
   Complex Insurance Claims
   Litigation Association

## OPINION OF THE COURT

DEBEVOISE, *Senior District Judge*:

Appellants, Providence Washington Insurance Company ("Providence Washington") and York Insurance Company ("York") (collectively "Providence") appeal from the District Court's order granting summary judgment in favor of appellees on their claim that the advertising injury provisions of Providence's standard commercial liability policy entitled them to coverage in a Tennessee lawsuit in which appellees were named as defendants. We agree with the District Court and will affirm.

## I. *Facts and Procedural History*

In February 2000 Magazines.com Inc. (The "Tennessee Plaintiff"), sued appellees, CAT Internet Services, Inc. ("CAT") and Internet Supply, Inc. ("INS"), charging that through the use of CAT's and INS's Internet domain name, MAGAZINE.COM, CAT and INS infringed the Tennessee Plaintiff's name and trademark, MAGAZINES.COM for the purpose and with the effect of diverting sales of magazines and other products to their own affiliates, some of which were competitors of the Tennessee Plaintiff. The complaint in the Tennessee action charged statutory and common law trademark and trade name infringement as well as injury to business reputation and common law unfair competition.

The complaint in the Tennessee action contained a number of allegations concerning the advertising activities of the parties and the damage that CAT's and INS's use of the domain name MAGAZINE.COM caused the Tennessee Plaintiff. It was alleged that the Tennessee Plaintiff's "MAGAZINE.COM web site has engaged in a number of advertising campaigns since its inception . . ." (App. 22a). As to CAT and INS, the complaint charged that "[INS] is a close affiliate of CAT and is in the business of operating hardcore pornography web sites and related online services . . . and marketing 'click-through advertising and marketing arrangements to the online adult and hardcore pornography industries. [INS] and CAT have made use of the MAGAZINE.COM domain name to redirect traffic to hardcore pornography sites.' " (App. 19a). One form of relief that the Tennessee Plaintiff sought was an order "enjoining any further use of the domain name and mark MAGAZINE.COM in connection with (a) the online sale or promotion of magazine subscriptions, and (b) pornographic or adult content not suitable for viewing by children or gambling." (App. 30a).

After notice of the Tennessee Plaintiff's suit, CAT's and INS's insurers, Providence Washington and York, declined to undertake their defense under the advertising injury provisions of their standard commercial liability policies. The pertinent provisions of the policies provided:

**1. Business Liability**

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies. . .
>
> b. This insurance applies to:
> (2) "advertising injury" caused by an offense committed in the course of advertising your goods, products or services . . .

**"Advertising injury"** was defined in the policy as:

> "Advertising injury"means injury arising out of one or more of the following offenses:
>
> a. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
>
> b. Oral or written publication of material that violates a person's right of privacy;
>
> c. Misappropriation of advertising ideas or style of doing business; or
>
> d. Infringement of copyright title or slogan.

Following Providence's refusal to provide coverage for the Tennessee Plaintiff's claims, CAT and INS commenced an action for declaratory relief and damages in the District Court. The parties filed cross-motions for summary judgment. The District Court granted CAT's and INS's motion, ruling that Providence had a duty to defend the Tennessee litigation.[1] This appeal followed.

---

1. The District Court denied the cross-motions for summary judgment on CAT's and INS's claim pursuant to 42 Pa. Cons. Stat. §8371 based on Providence's claimed bad faith in refusing to accept coverage for the Tennessee litigation. Subsequently the parties entered into a high/low settlement agreement with respect to that claim giving Providence the right to appeal the ruling as to coverage under the policies.

## II. *The District Court Opinion*

The claimed damages demanded of Providence relate solely to the duty to defend. Applying Pennsylvania law to the coverage issue, the District Court noted that the insurer's "duty to defend is broader than the duty to indemnify, because a duty to defend arises 'whenever an underlying complaint may potentially come within the insurance coverage.' *Frog, Switch [& Mfg. Co., Inc. v. Travelers Ins. Co.*, 193 F.3d 742, 746 (3d Cir. 1999)]. . . If a single allegation of a complaint is potentially covered by a policy, an insurer has an obligation to defend its insured against all claims until there is no possibility of recovery for a covered claim." (Slip. Op. at 7).

Addressing the question whether the complaint in the Tennessee litigation alleged an "advertising injury" within the meaning of the policies, the District Court held that it did. It concluded that under Pennsylvania law the advertising injury provisions cover trademark infringement as a "misappropriation of an advertising idea or style of doing business," a view with which our court has in *dicta* suggested agreement. *Frog, Switch*, 139 F.3d at 749. (Slip. Op. at 8,9).

Distinguishing *Sorbee International Ltd. v. Chubb Custom Insurance Co.*, 735 A. 2d 712 (Pa. Super. 1999), the District Court found that "the allegations of the Tennessee Complaint . . . do allege trademark infringement that is a 'misappropriation of an advertising idea or style of doing business' " (Slip. Op. at 10), thus asserting an "advertising injury" that triggered Providence's obligation to defend under the policies.

## III. *Jurisdiction and Standard of Review*

The District Court had diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1). We have jurisdiction under 28 U.S.C. §1291, as this is an appeal from a final judgment of the District Court. We review the District Court's grant of summary judgment *de novo. Fogleman v. Mercy Hosp., Inc.*, 283 F.3d 561, 566 n.3 (3d Cir. 2002). Summary judgment was proper if, viewing the record in the light most favorable to Providence, there is no genuine issue of material fact and

CAT and INS are entitled to judgment as a matter of law. The parties agree that there is no genuine issue of fact on the policy coverage issue.

## IV. *Discussion*

The insurance contracts which are the subject of this case are governed by Pennsylvania law. The policies were issued by a Pennsylvania agent to Pennsylvania corporations. Pennsylvania conflict of laws principles dictate that an insurance contract is guided by the law of the state in which it is delivered. See *Travelers Indem. Co. v. Fantozzi*, 825 F. Supp. 80, 84 (E.D. Pa. 1993).

Providence urges that the District Court misinterpreted dicta in this court's holding in *Frog, Switch* and ignored the Pennsylvania Superior Court's holding in *Sorbee International* and thus erred in holding that a trademark infringement dispute involving competing Internet domain sites sought recovery for "misappropriation of an advertising idea or style of doing business." At oral argument Providence's counsel advanced the position that listing a domain site name such as "MAGAZINE" is not "advertising" within the meaning of the policy as it was not part of a marketing campaign to sell CAT's or INS's products to the consuming public. It would follow, according to Providence, that misuse of the domain name as charged in the Tennessee litigation did not cause an "advertising injury."

In *Frog, Switch* insurance carriers that had issued policies covering "advertising injury" were asked to defend a claim for theft of trade secrets, unfair competition and reverse passing off. A Frog, Switch competitor had sued Frog, Switch alleging that Frog, Switch entered the dipper bucket market using proprietary trade secrets, confidential business information and technology that belonged to the competitor. The complaint included two causes of action for false advertising and reverse passing off under the Lanham Act, 15 U.S.C. §1125(a). Frog, Switch requested its two insurance carriers to defend the suit. Both refused. Frog, Switch brought an action against them, claiming coverage under the advertising injury clause. We held that "[t]he

allegation that Frog engaged in unfair competition by misappropriating trade secrets relating to the manufacture of a product line does not allege misappropriation of advertising ideas or styles of doing business as such." 193 F.3d at 748.

We explained in *Frog, Switch* that "the complaint does not allege that Frog misappropriated methods of gaining customers; it alleges that Frog misappropriated information about the manufacture of dipper buckets and then advertised the resulting product." 193 F.3d at 748. This distinguishes *Frog, Switch* from the instant case in which INS and CAT were charged with the wrongful use of MAGAZINE.COM as a method of gaining customers. This distinction was most recently articulated in our opinion in *Green Machine Corporation v. The Zureck - American Insurance Group*, 313 F.3d 837, 839 (3d Cir. 2002) where we stated, "[w]e have recently held that 'to be covered by the policy, allegations of . . . misappropriation have to involve an advertising *idea*, not just a nonadvertising idea that is made the subject of advertising.'"

In *Advance Watch Co. v. Kemper National Ins. Co.*, 99 F.3d 795, 803 (6th Cir. 1996), the court, applying Michigan law, held that the "advertising injury" offense of "misappropriation of advertising ideas or style of doing business" did not include trademark or trade dress infringement because the policy language did not mention the word "trademark." In *Frog, Switch* we noted the sharp criticism that has been leveled at *Advance Watch* and stated that "(i)t may also stand in some tension with our decision in *Granite State Insurance Co. v. Aamco Transmissions, Inc.*, 57 F.3d 316 (3d Cir. 1995), which declares that insurance policies governed by Pennsylvania law will be interpreted according to a reasonable insured's understanding rather than the narrow legal meaning of policy terms." *Frog, Switch*, 193 F.3d at 747.

We now hold that when a complaint alleges that an insured misappropriates and uses trademarks or ideas in connection with marketing and sales and for the purpose of gaining customers, the conduct constitutes "misappropriation of an advertising idea or style of doing business" under Pennsylvania law.

This result is consistent with the Pennsylvania Superior Court's decision in *Sorbee International*, 735 A.2d 712. In litigation in the United States District Court for the Eastern District of New York a competitor charged Sorbee with improper use of the terms "low calorie," "sugar free," "fat free," and "cholesterol free" in its candy package labeling. Sorbee sued its insurance carrier in Pennsylvania to require the carrier to defend, characterizing the claim against it as a claim of "misappropriation of advertising ideas". Affirming the trial court's judgment in favor of the insurance carrier, the court stated ". . . nothing in the Simply Lite counterclaim suggests that Simply Lite is accusing Sorbee of stealing an original, novel advertising idea. Simply Lite is instead claiming that Sorbee has not met the requirements for using these terms to describe its product." *Id.* at 715. Relevant to the instant case is the court's observation that "[i]t makes sense that a trademark infringement action would be covered by an insurance policy that applies to 'misappropriation of advertising ideas' because a trademark — like the brand name DRAKKAR NOIR — is an advertising idea that may be created and 'owned,' and thus wrongfully taken or 'stolen' " *Id.* at 716.

In the Tennessee action the plaintiff charged CAT and INS with, among other things, trademark infringement through misuse of the domain name MAGAZINE.COM for the purpose of selling pornographic materials and magazines. Under Pennsylvania law that constituted a claim of "misappropriation of advertising ideas or style of doing business." CAT and INS established that at least one claim in the Tennessee action complaint potentially fell within the policy's advertising injury coverage, triggering Providence's duty to defend.

For the foregoing reasons, we will AFFIRM the judgment of the District Court.

A True Copy:
    Teste:

*Clerk of the United States Court of Appeals
for the Third Circuit*