**HENKEL CORPORATION, Plaintiff,**

v.

**The HARTFORD ACCIDENT & INDEMNITY COMPANY, et al., Defendants.**

**No. CIV.A. 05–1266.**

United States District Court, E.D. Pennsylvania.

Nov. 1, 2005.

608

———

John N. Ellison, Claudine Q. Homolash, Anderson Kill & Olick, PC, Philadelphia, PA, William John Brennan, Butera, Beausang, Cohen & Brennan, King of Prussia, PA, for Plaintiff.

Michael S. Komar, Menz, Bonner & Komar, LLP, New York City, David Newmann, Hogan & Hartson L.L.P., Philadelphia, PA, for Defendants.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

### I. BACKGROUND

Plaintiff Henkel Corporation ("plaintiff" or "Henkel") initiated the instant action on behalf of Loctite Corporation ("Loctite") as Loctite's successor. Henkel seeks insurance coverage from defendant Hartford Accident and Indemnity Company ("defendant Hartford") and defendant Liberty Mutual Insurance Company ("defendant Liberty") for the defense and indemnity costs that have incurred, and that will continue to incur, in connection with asbestos personal injury lawsuits filed by claimants who have allegedly been exposed to Permatex-brand, asbestos-containing products ("the underlying actions"). (Compl. ¶ 1.)

According to the complaint, Loctite acquired Permatex Company, Inc. (not to be confused with Permatex, Inc. or Permatex Industrial Company) by a subsidiary merger in 1972. *Id.* ¶¶ 2,15. Six years later, in 1978, Permatex Company, Inc. merged into Loctite. *Id.* ¶¶ 2,16. From 1976 to 1985, defendants Hartford and Liberty issued Comprehensive General Liability and/or Completed Operations and Products Hazards policies ("the policies") to Loctite obligating defendants to defend any suit against Loctite and to pay damages incurred by Loctite for bodily injury or property damage. *Id.* ¶¶ 21–37.

The underlying actions were filed in the Superior Court of New Jersey (Middlesex County), Court of Common Pleas (Philadelphia County), and Supreme Court of the State of New York (New York County), respectively, against Permatex Industrial Corporation [1] and/or Permatex, Inc.,[2] among others, as the parties-defendants responsible for the damages plaintiffs allegedly suffered as the result of exposure to Permatex-brand, asbestos-containing products. *Id.* ¶¶ 38–46. The underlying actions did not name Loctite or Permatex Company, Inc., the company that merged into Loctite, as defendants, nor were the lawsuits filed against Permatex, Inc. or Permatex Industrial Corporation as successors-in-interest to Loctite or any of its predecessors. *Id.* ¶¶ 43–46.

Henkel, as successor to Loctite, provided notice to defendants of the claims in the underlying actions. Defendants refused to assume the duty to defend. Accordingly, Henkel defended and continues to defend claims of injuries for exposure to Permatex-brand, asbestos-containing products without any participation by defendants.

---

1. Permatex Industrial Corporation is a subsidiary of Loctite that was formed in 1986. The last insurance policy was issued to Loctite in 1985. The insurance policies did not insure Permatex Industrial Corporation, an entity not yet in existence at the time of execution of the last insurance policy.

2. Permatex, Inc. is a company unrelated to plaintiff. Permatex, Inc. was formed in 1999. The last insurance policy was issued to Loctite in 1985. The insurance policies did not insure Permatex, Inc., an entity not related to Loctite and not yet in existence at the time of execution of the last insurance policy.

Henkel asserts that it is entitled to defense and indemnity coverage from defendants in connection with the past, pending, and future asbestos products liability cases arising from Permatex-brand, asbestos-containing products. *Id.*

Henkel contends that the plaintiffs in the underlying actions have erroneously named Permatex, Inc. and/or Permatex Industrial Corporation, instead of Loctite or Permatex Company, Inc., as the parties potentially responsible for the alleged injuries caused by exposure to Permatex-brand products. *Id.* ¶¶ 44–46. Henkel asserts that neither Permatex, Inc. nor Permatex Industrial Corporation ever manufactured, sold, or distributed any asbestos-containing products or assumed any liabilities for Permatex-brand products that contained asbestos. *Id.* Instead, Henkel asserts that Loctite, as a result of its acquisition of and merger with Permatex Company, Inc., is the party potentially responsible (if any party is found responsible at all) for injuries caused by Permatex-brand products that contained asbestos. *Id.*

In the instant suit, Henkel seeks: a) monetary damages for defense and indemnity costs already expended in the defense of past and pending actions, b) declaratory relief to require defendants to honor their present and future coverage obligations to Henkel, and c) punitive damages and attorneys' fees due to defendants' intentional and bad-faith conduct.

Defendants, however, disagree with plaintiff and continue to deny that they have a contractual duty to defend Henkel (or its predecessor Loctite). Defendant Hartford filed the motion to dismiss now before the Court. Defendant Hartford asserts that plaintiff's complaint should be dismissed under Federal Rules of Civil Procedure 12(b)(1), (6), and (7), for lack of subject matter jurisdiction, failure to state a claim, and failure to join necessary and indispensable parties, respectively. For the reasons set forth below, the motion will be granted.

## II. DISCUSSION

### A. Choice of Law.

Defendant Hartford suggests that Connecticut law applies to this case. To the contrary, plaintiff relies upon Pennsylvania law.

██ Where federal jurisdiction is based on diversity of citizenship, such as in the instant case, the Court must apply the choice-of-law rules of the state in which it sits. *St. Paul Fire & Marine Ins. Co. v. Lewis,* 935 F.2d 1428, 1431 n. 3 (3d Cir. 1991) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)). Plaintiff filed this action in the Eastern District of Pennsylvania. Thus, Pennsylvania choice-of-law rules apply.

██ Under Pennsylvania choice-of-law rules, "the first question to be answered in addressing a potential conflict of laws dispute is whether the parties explicitly or implicitly have chosen the relevant law." *City of Philadelphia v. One Reading Ctr. Assoc.,* 143 F.Supp.2d 508, 512 (E.D.Pa. 2001) (quoting *Assicurazioni Generali, S.P.A. v. Clover,* 195 F.3d 161, 164 (3d Cir.1999)). If the parties have agreed to the applicable law, that agreed-upon law shall generally be given effect. *Id.* In this case, neither party suggests that the policies included a relevant choice-of-law provision.

██ Where there is no choice-of-law provision agreed upon by the parties, "before a choice of law question arises, there must actually be a conflict between potentially applicable bodies of law." *On Air Entm't Corp. v. Nat'l Indem. Co.,* 210 F.3d 146, 149 (3d Cir.2000); *see also Lucker Mfg. v. Home Ins. Co.,* 23 F.3d 808, 813

(3d Cir.1994). Where the relevant laws of the jurisdictions are the same, "there is no conflict of law, and the court should avoid the conflict of law question" as the outcome is the same under the substantive law of either jurisdiction. *On Air Entm't*, 210 F.3d at 149; *see also Lucker Mfg.*, 23 F.3d at 813.[3]

Thus, this Court must determine whether an actual conflict exists between the pertinent laws of Pennsylvania and Connecticut. There is one issue before the Court: Whether an insurer has a duty to defend a claim which falls within the scope of the coverage under the policy, but which by mistake of the claimant, the insured is not named as a defendant in the underlying action? As discussed below, because the legal treatment of this issue is the same under both Pennsylvania and Connecticut law, there is no actual conflict in this case and the Court may rely on the law of either or both jurisdictions.

B. Dismissal under Rule 12(b)(6) for Failure to State a Claim upon Which Relief Can Be Granted.

1. Arguments by the parties.

Defendant Hartford argues that the underlying actions were filed against Permatex, Inc. and Permatex Industrial Corporation, as opposed to the insured, Loctite (or the entity that merged into Loctite, Permatex Company, Inc.). Accordingly, because defendant Hartford insured neither Permatex, Inc. nor Permatex Industrial Corporation, defendant Hartford is not responsible for defending the underlying actions.

As support for its argument, defendant Hartford points to the coverage language of the policy, which states:

The company [Hartford] will pay on behalf of the insured [Loctite] all sums which the insured shall become legally obligated to pay as damages because of Coverage A—*bodily injury* or Coverage B—*property damage* to which this insurance applies, caused by an *occurrence*, and **the company shall have the right and duty to defend any suit against the *insured*** seeking damages on account of such *bodily injury or property damage*, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient.

(Compl.¶ 25) (emphasis added). Defendant's argument is refreshingly simple-the

---

3. If the Court was to engage in a full choice-of-law analysis, it is not entirely clear whether the "hybrid approach" derived from *Griffith v. United Air Lines, Inc.*, 416 Pa. 1, 203 A.2d 796 (1964), combining the Restatement (Second) of Conflict of Laws approach (contacts establishing significant relationships) and the "interests analysis" (qualitative appraisal of the relevant states' policies with respect to the controversy), would apply to this contract dispute. *Compare Compagnie des Bauxites de Guinee v. Argonaut–Midwest Ins. Co.*, 880 F.2d 685, 688–89 (3d Cir.1989) (applying *Griffith* to insurance coverage dispute), *Melville v. American Home Assurance Co.*, 584 F.2d 1306, 1311 (3d Cir.1978) ("[T]he evolution of Pennsylvania conflicts decisions ineluctably leads to the conclusion that the Griffith approach will be employed in contract actions."), *and Teti v. Huron Ins. Co.*, 914 F.Supp. 1132, 1134–35 (E.D.Pa.1996) ("Although the *Griffith* case involved a tort action, subsequent cases have extended the same rationale and approach to contract cases involving a choice of law question."), *with J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 360–61 (3d Cir.2004) ("Under Pennsylvania choice of law rules, an insurance contract is governed by the law of the state in which the contract was made."), *and Cat Internet Serv., Inc. v. Providence Washington Ins. Co.*, 333 F.3d 138, 141 (3d Cir.2003) ("Pennsylvania conflict of laws principles dictate that an insurance contract is guided by the law of the state in which it is delivered."). We do not firmly determine this issue as there are no relevant differences between the laws of Pennsylvania and Connecticut.

insured is Loctite, not the entities named in the underlying complaints, Permatex, Inc. and Permatex Industrial Corporation, and the underlying actions do not involve a "suit against the insured." And since the underlying actions do not involve an action against Loctite (or the acquired entity, Permatex Company, Inc.), there is no duty to defend.

Plaintiff, in contrast, argues that the claimants in the underlying actions "mistakenly" named Permatex Industrial Corporation and Permatex, Inc. as the parties responsible for the alleged injuries from exposure to Permatex-brand products. Plaintiff asserts that Permatex Industrial Corporation and Permatex, Inc. never manufactured, sold, or distributed any asbestos-containing products, and never assumed or otherwise succeeded to any liabilities for any Permatex-brand, asbestos personal injury actions. Rather, as a result of Loctite's acquisition of and merger with Permatex Company, Inc., Loctite is the party responsible (if any party is) for injuries resulting from Permatex-brand, asbestos-containing products. Thus, despite not being named a defendant, Loctite is potentially liable in the underlying actions. Under these circumstances, plaintiff argues, defendants are obligated to provide Henkel, Loctite's successor, insurance coverage.

### 2. Motion to dismiss standard.

A motion to dismiss for failure to state a claim brought pursuant to Federal Rule of Civil Procedure 12(b)(6) serves to test the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir.1993). Therefore, the court must accept as true all factual allegations made in the complaint and all reasonable inferences that can be drawn therefrom. *Graves v. Lowery*, 117 F.3d 723, 726 (3d Cir.1997); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988). A court should not grant a motion to dismiss "unless it appears beyond a doubt that the plaintiff can prove no set of

facts in support of his claim which would entitle him to relief." *Graves*, 117 F.3d at 726 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *see also Lum v. Bank of America*, 361 F.3d 217, 232 (3d Cir.), *cert. denied*, —— U.S. ——, 125 S.Ct. 271, 160 L.Ed.2d 203 (2004); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997). However, a court need not credit "bald assertions" or "legal conclusions," nor should it accept "unwarranted inferences" when deciding a motion to dismiss. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997).

### 3. There is no duty to defend under these circumstances.

█ The sole issue before the Court is whether an insurer has a duty to defend a claim which falls within the scope of the coverage under the policy, but which by mistake of the claimant, the insured is not named as a defendant in the underlying action. The Court holds that in these circumstances, the insurer does not have a duty to defend.

Plaintiff alleged the following facts in its complaint, which must be accepted as true for the purposes of this motion:

- Loctite, as a result of its acquisition and merger with Permatex Company, Inc., would be the party responsible, if any party is, for any Permatex-brand asbestos-containing products;
- Claimants in the underlying asbestos personal injury lawsuits have mistakenly named either Permatex Industrial Corporation (in the New Jersey cases) or Permatex, Inc. (in the other cases) as the parties responsible for their alleged injuries from exposure to Permatex-brand products;
- Permatex Industrial Corporation and Permatex, Inc. were both incorporated after the date Hartford issued its last

insurance polices to Loctite, and those companies never manufactured, sold or distributed any asbestos-containing products, and never assumed or otherwise succeeded to any liabilities for any Permatex-brand asbestos-containing products; [and]

● Plaintiff has provided documentation and other information to defendants demonstrating that claimants' allegations in the underlying asbestos personal injury lawsuits are actually potential liabilities of Loctite, and Plaintiff has incurred and will continue to incur defense and indemnity costs in connection with these underlying asbestos personal injury actions.

(Pl.'s Br. 1.)

 Even accepting these allegations as true, plaintiff does not state a claim as a matter of law. It is hornbook law that "[t]he duty of a general liability insurer to provide a defense for claims asserted against its insureds is contractual, and the courts will therefore look to the language of the policy at issue to determine an insurer's defense obligations." 1 Barry R. Ostrager & Thomas R. Newman, *Handbook on Insurance Coverage Disputes* § 5.01 (12th ed.2004). Both Pennsylvania and Connecticut adhere to this policy. *See, e.g., Pilosi,* 393 F.3d at 363 (Pennsylvania law); *Bishop v. Nat'l Health Ins. Co.,* 344 F.3d 305, 307 (2d Cir.2003) ("Under Connecticut law, we interpret an insurance policy as we would a contract . . . ."); *State Farm Fire & Cas. Ins. Co. v. Sayles,* 289 F.3d 181, 185 (2d Cir.2002) (Connecticut law); *State Farm Mut. Auto. Ins. Co. v. Coviello,* 233 F.3d 710, 717 (3d Cir.2000) (Under Pennsylvania law, the court is "not at liberty to rewrite an insurance contract, or to construe clear and unambiguous language to mean something other than what it says."). Equally true and applicable to both jurisdictions is the hornbook principle

that in contract disputes, the plain language of the agreement is the best evidence of the parties' intent. *See, e.g., Pilosi,* 393 F.3d at 363 (Pennsylvania law); *Sayles,* 289 F.3d at 185 (Connecticut law); *R.C. Bigelow, Inc. v. Liberty Mut. Ins. Co.,* 287 F.3d 242, 246 (2d Cir.2002) (Connecticut law); *Nationwide Mut. Ins. Co. v. Cosenza,* 258 F.3d 197, 206 (3d Cir.2001) (Pennsylvania law).

In this case, Loctite's insurance contract with defendant Hartford imposes upon defendant Hartford a "duty to defend any suit **against the *insured*** seeking damages on account of such *bodily injury or property damage.*" (Compl.¶ 25) (emphasis added). It is clear from the text of the policy that both parties intended for defendant Hartford to assume a duty to defend suits brought against the insured, Loctite. There is no other reasonable interpretation.

 Nor do plaintiffs point to any duty under Pennsylvania or Connecticut law that requires an insurer to provide a defense to any other entity when the insured is not named as a defendant in the underlying action. *See, e.g., Metro. Prop. & Cas. Ins. Co. v. Espach,* 313 F.Supp.2d 109, 110 (D.Conn.2004) (granting summary judgment because there is no duty to defend a party that is not a qualified insured); *CGU Ins. v. Tyson Assoc.,* 140 F.Supp.2d 415, 423–24 (E.D.Pa.2001) (holding there is no duty to defend an entity not covered under the insurance policy); *Hartford Cas. Ins. Co. v. Litchfield Mut. Ins. Co.,* 274 Conn. 457, 876 A.2d 1139, 1145 (2005) ("The defendant's duty to defend . . . is not invoked unless the party named in the complaint falls within the definition of 'insured' as included in the policy."); *McNally v. Republic Ins. Co.,* 718 A.2d 301 (Pa.Super.1998) (no duty to defend parents of insured). In the instant case, named defendants in the underlying action, Per-

matex, Inc. and Permatex Industrial Corporation, are simply not insured under the policies.[4]

Plaintiff urges the Court to look beyond the "four corners" of the underlying complaint, which according to plaintiffs, will show that the personal injury claimants "mistakenly" omitted the insured Loctite from the underlying actions and that the underlying actions are potential liabilities for Loctite. The Court agrees with defendant Hartford that "the four corners rule is really a red herring because no amount of extrinsic evidence is going to change the fact that the entity sued in the underlying action are not insureds under the policies." (Tr. 11:13–17.)

■ First, for the purposes of this motion, the Court has already assumed as true the facts asserted by plaintiff that the extrinsic evidence will purportedly show that the personal injury claimants "mistakenly"[5] omitted the insured Loctite from the underlying actions and that the underlying actions are potential liabilities for Loctite. Even so, as discussed, defendants' duty to defend is not triggered as the insured was not sued in the underlying actions.

■ Second, the "four corners" rule and the "extrinsic evidence exception" implicate whether a particular claim against the insured falls within the scope of coverage. *See, e.g., Sikirica v. Nationwide Ins.* *Co.,* 416 F.3d 214, 225 (3d. Cir.2005) ("Under Pennsylvania law, an insurer has a duty to defend if the complaint filed by the injured party potentially comes within the policy's coverage."); *I.C.D. Indus., Inc. v. Fed. Ins. Co.,* 879 F.Supp. 480, 487 (E.D.Pa.1995) ("It is apparent that under Pennsylvania law the allegations contained in the complaint are the sole points of reference for determining whether a claim comes within the scope of the coverage under an insurance policy.") (emphasis omitted); *Litchfield,* 876 A.2d at 1145–46 ("An 'insurer may be obligated to provide a defense not only based on the facts of the complaint but also if any facts known to the insurer suggest that the claim falls within the scope of coverage.' " (quoting J. Stempel, *Insurance Contract Disputes* § 9.03[a] (2d ed.1999))). Here, the issue is not the scope of coverage, rather, the issue is whether the defendants must defend a claim against an entity not insured under the policies. As to this issue, neither the "four corners" rule nor the "extrinsic evidence exception" is helpful to plaintiff.

## III. CONCLUSION

Defendant Hartford's motion to dismiss is granted.[6] The duty to defend presupposes a suit against an insured. Here, the insured Loctite was not a named defendant in the underlying actions. In these circumstances, the duty to defend is not triggered. An appropriate order follows.

---

**4.** It would be different, of course, if plaintiff alleged that defendants used fraud, deceit, or "played fast and loose" in orchestrating the omission of the insured from the underlying action, or that plaintiffs in the underlying actions were misled into suing the wrong defendants. This is not the case here. Rather, plaintiffs allege that the omission was the result of a "mistake" by the parties in the underlying actions.

**5.** Plaintiff does not explain why they have not sought to "correct" the claimed "mistake" in the underlying actions. Nor does Henkel advance any reason why plaintiffs in the underlying actions, despite a strong interest to do so, are unable to or refuse to substitute or name the "correct" defendants in these actions. It appears that the controversy may be subject to resolution in the courts hearing the underlying actions.

**6.** Because this Court concludes that defendants have no duty to defend and dismiss plaintiff's complaint on this ground, the Court will not address defendant Hartford's alternative grounds for dismissal set forth in its motion to dismiss.

## ORDER

AND NOW, this 1st day of **November, 2005**, it is hereby **ORDERED** that defendant The Hartford Accident and Indemnity Company's motion to dismiss the complaint (doc. no. 9) is **GRANTED**.

**AND IT IS SO ORDERED.**