OPINION

SLOVITER, Circuit Judge.
Susan Castellani appeals from an order of the District Court granting summary judgment to the defendants on Castellani’s claim that she was unlawfully terminated from her employment with Bucks County Municipality in violation of the Americans with Disabilities Act (“ADA”), 42 U.S.C. § 12101, et seq., and the Pennsylvania Human Relations Act (“PHRA”), 43 Pa. Cons. Stat. Ann. §§ 951-963. For the reasons that follow, we will affirm.
I.
Castellani began employment as a 911 dispatcher for the County on June 17, 2002. On September 16, 2004, Castellani suffered a hypoglycemic reaction at work and was diagnosed with insulin resistant (Type II) diabetes. Shortly thereafter, Castellani began a period of leave under the Family Medical Leave Act (“FMLA”). Castellani remained on leave through March 20, 2005, when she exhausted her total leave allowance under the FMLA and her union contract. She did not return to work thereafter, nor did she provide an explanation why.
On March 21, 2005, Rachael Cherry, a County Human Resource employee, sent Castellani a letter stating that she must return to work by Friday, March 25, 2005 with a doctor’s note and submit requested accommodations in writing beforehand, or her employment would be terminated. After Castellani responded by letter requesting more time and an “interactive process[,]” the County extended this deadline to April 1, 2005. On April 4, 2005, Carmen Thome, Director of Human Resources for the County, sent Castellani a formal notice of termination after not receiving the requested information. The County stated that Castellani was not terminated for performance issues, but for failing to return to work after exhausting her leave.
On April 8, 2005, the County received a letter from Castellani’s physician, authorizing her to return to work with certain restrictions. Defendants took no action after receiving this letter. Castellani filed a grievance through her union and was rehired by the County as a permit clerk on August 8, 2005. As relevant here, Castel-lani later filed a complaint against the County and employees Thome, Cherry, and Meredith Dolan alleging, inter alia, claims under the ADA and the PHRA. The District Court granted summary judgment for the County and its employees on those counts.
II.
The District Court had jurisdiction over Castellani’s claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. This court has jurisdiction under 28 U.S.C. § 1291. The standard of review for a district court’s grant of summary judgment is de novo. CAT Internet Servs. Inc. v. Providence Wash. Ins. Co., 333 F.3d 138, 141 (3d Cir.2003). A court may grant summary judgment if, drawing all inferences in favor of the nonmoving party, “the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(c).
III.
Castellani alleges that the County and its employees violated the ADA and PHRA by failing to engage in an interactive process to provide reasonable accom *777 modations and by terminating her in retaliation for requesting these actions. We will consider the ADA and PHRA claims simultaneously, because the Acts serve the same goals and are interpreted coexten-sively. Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir.1996).
To prevail under the ADA, an employee must show “that she 1) has a disability, 2) is a qualified individual, and 3) has suffered an adverse employment action because of that disability.” Turner v. Hershey Chocolate USA, 440 F.3d 604, 611 (3d Cir.2006) (internal quotation omitted). For purposes of this appeal, we will assume that Castellani is disabled from Type II diabetes and has suffered an adverse employment action. An employee is a qualified individual if she 1) “has the requisite skill, experience, education and other job-related requirements” and 2) “with or without reasonable accommodation, can perform the essential functions of that position.” Turner, 440 F.3d at 612 (citing 29 C.F.R. § 1630.2(n)). Castellani’s skills are not in dispute.
We have held that employers and employees “have a duty to assist in the search for a reasonable accommodation and to act in good faith.” Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 312 (3d Cir.1999). In order to show that an employer has breached its duty to engage in the interactive accommodation process, the employee must demonstrate that “the employer knew of the disability,” that “the employee requested accommodations,” that “the employer did not make a good faith effort to assist,” and that “the employee could have been reasonably accommodated but for employer’s lack of good faith.” Id. at 319-20. If the employee cannot be reasonably accommodated in her previous position, she must identify another position that is vacant and funded, at or below her level, for which she is qualified to perform the essential functions. Williams v. Philadelphia Housing Auth. Police Dept., 380 F.3d 751, 770 (3d Cir.2004).
An employee need not identify an open position before the employer’s duty to engage in the interactive process attaches. Mengine v. Runyon, 114 F.3d 415, 420-21 (3d Cir.1997). But if, after an opportunity for discovery, the employee still has not identified a position into which she could have transferred, the court must grant summary judgment in favor of the defendant. Shapiro v. Twp. of Lakewood, 292 F.3d 356, 360 (3d Cir.2002).
Both parties agree Castellani could not return to her post as a 911 dispatcher. However, after taking discovery, Castellani failed to produce any evidence that a position she was qualified to perform was available as of her termination on April 4, 2005, including the clerk position she currently holds. Thus, the District Court properly granted summary judgment on her reasonable accommodation claim.
In addition, the District Court did not err in granting summary judgment on Castellani’s retaliation claim. To state a claim for retaliation under the ADA, an employee must show 1) she engaged in a protected activity; 2) the employer took adverse action; and 3) a causal connection. Fogleman v. Mercy Hosp., 283 F.3d 561, 567-68 (3d Cir.2002) (citing Krouse v. American Sterilizer Co., 126 F.3d 494, 500 (3d Cir.1997)). If an employee establishes a prima facie case, the employer must give a legitimate, nondiscriminatory reason for the termination. Krouse, 126 F.3d at 500. The burden then shifts to the employee to show that the employer’s reason is pretext. Id. at 501. An employee may rely on direct evidence or circumstantial evidence such as “weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions” in the employer’s explanation. Shaner v. Synthes, 204 F.3d 494, 503 (3d *778 Cir.2000) (quoting Fuentes v. Perskie, 32 F.3d 759, 764-65 (3d Cir.1994)).
Here, the County and its employees stated that Castellani was terminated because she failed to return to work with the appropriate medical documentation. Thus, the burden shifted to Castellani to show this explanation was pretext. Castellani has not made such a showing.
IV.
For the above-stated reasons, we will affirm the judgment of the District Court granting summary judgment.