**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1521
_____

JASON MALAKOSKI,
Appellant

v.

MERRICK B. GARLAND, Attorney General United States Department of Justice
_____

On Appeal from the United States District Court for the Middle District of Pennsylvania
(D.C. No. 3:22-cv-00977)
District Judge: Honorable Joseph F. Saporito, Junior
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
February 2, 2026

Before: HARDIMAN, MONTGOMERY-REEVES, and ROTH, *Circuit Judges*.

(Filed: March 3, 2026)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Jason Malakoski appeals a summary judgment for the United States on his Title VII claims. We will affirm.

I

Malakoski has worked for the Bureau of Prisons (BOP) for almost fifteen years. During the time relevant to this appeal, he was employed at the Federal Correctional Institution (FCI) Schuylkill as a Supervisory Correctional Officer. From May 2019 through August 2021, Malakoski was involved in various internal investigations, either as the subject or the complainant. In November 2019 and April 2021, Malakoski filed formal complaints with the BOP Equal Employment Opportunity (EEO) Office.

After the EEO Office failed to issue a final agency decision regarding either complaint, Malakoski filed a federal civil action against the Attorney General in June 2022. In that two-count complaint, Malakoski alleged that the BOP violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., and Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq*. Malakoski also alleged that the BOP retaliated against him by creating a hostile work environment in violation of both Acts. The District Court granted summary judgment to the Government on all claims. Malakoski filed this appeal challenging the judgment only as to the Title VII violations relating to the conduct challenged in his first EEO complaint.[1]

---

[1] Malakoski purports to challenge the District Court's summary judgment relating to his second EEO complaint. But the District Court held that Malakoski failed to exhaust administrative remedies by filing his second EEO complaint two days late. Because Malakoski failed to challenge the District Court's holding, we will not review any

II[2]

A

Malakoski argues that the District Court erred when it held that the BOP did not retaliate against him in violation of Title VII. He contends that there was a genuine issue of material fact as to whether: (1) the BOP's conduct constituted adverse employment actions and (2) those actions were causally connected to any protected activity. We agree with the District Court that Malakoski failed to demonstrate a prima facie case for his Title VII retaliation claims.

In September 2019, Malakoski sustained a non-workplace injury, was off work, and then returned with a doctor's note confirming that he could work without restrictions. He admits that he never submitted a written request for light-duty status but contends that he contacted his supervisor "as to the possibility of returning to work with a light duty restriction" and was told that option was not available. App. 774. The next month, Malakoski was told that his prior request for a lateral transfer to the United States Penitentiary Lewisburg was denied.

Neither of those two actions can serve as a valid basis for Malakoski's retaliation claims for a simple reason: they occurred before he spoke with an EEO counselor on October 25, 2019. *See Moore v. City of Philadelphia*, 461 F.3d 331, 341 (3d Cir.

argument regarding that complaint.

[2] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. Our review is de novo. *Cat Internet Servs., Inc. v. Providence Washington Ins. Co.*, 333 F.3d 138, 141 (3d Cir. 2003).

2006), *as amended* (Sept. 13, 2006) (stating that Title VII protects those who participate in certain Title VII proceedings).[3]

Malakoski also points to his October 2019 reassignment to the communication monitoring room following an allegation that he threatened another employee and his supervisor's November 2019 denial of his request to switch his shift. These incidents are unavailing to Malakoski because a four-day reassignment—while retaining position, grade, step, and salary— and a denial of one request to switch his shift are not actions that "well might have dissuaded a reasonable worker from" engaging in protected activity, even if his ability to work overtime and receive pay differential was reduced. *See Moore*, 461 F.3d at 346 (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). So his retaliation claim also fails with regard to these incidents.

Finally, Malakoski cites a February 2020 reassignment after a use of force incident involving an inmate and an internal investigation that followed. The investigation concluded that Malakoski failed to follow policy as it applies to use of force and application of restraints. As a result of the incident, Malakoski was reassigned to the computer laboratory and maintained his position, grade, step, and salary. Even assuming this constituted an adverse employment action, Malakoski's claim still fails because the BOP has "articulate[d] some legitimate, nondiscriminatory reason," *McDonnell Douglas*

---

[3] Malakoski contends that the BOP was acting in retaliation for a memorandum that he submitted in May 2019 regarding allegations that a colleague made inappropriate sexual comments about Malakoski's wife. But that memorandum is not protected activity because it had nothing to do with potentially unlawful activity under Title VII. *See Moore*, 461 F.3d at 341.

4

*Corp. v. Green*, 411 U.S. 792, 802 (1973), for its employment action. The temporary reassignment was in response to the use-of-force incident and allowed the BOP to conduct an after-action review to assess Malakoski's compliance with policy and procedure. Like the District Court, we conclude that Malakoski has presented no evidence to show this explanation was pretextual. *McDonnell Douglas*, 411 U.S. at 804.

B

Malakoski's Title VII hostile work environment claims fail as well. Considering the totality of the circumstances, Malakoski did not demonstrate that he suffered intentional discrimination because of his protected activity and that the conduct was severe or pervasive. *See, e.g.*, *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 168 (3d Cir. 2013) (holding that the challenged conduct must be evaluated in light of its frequency, severity, and whether it "unreasonably interfere[d] with an employee's work performance").

* * *

For the foregoing reasons, we will affirm.