**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1711
_____

SHARON KINNER,
Appellant

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4:22-cv-01948)
District Judge: Honorable Karoline Mehalchick
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 9, 2026

Before: HARDIMAN, KRAUSE, and MASCOTT, *Circuit Judges*.

(Filed: April 3, 2026)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Sharon Kinner appeals a summary judgment for Portfolio Recovery Associates, LLC (PRA) on her Pennsylvania Dragonetti Act claim. Essentially for the reasons the District Court articulated in its thorough opinion, we will affirm.

I

PRA, a limited liability company that provides consumer credit services, sued Kinner in the Court of Common Pleas of Bradford County, Pennsylvania. It alleged that Kinner was delinquent on a credit card account that PRA had acquired from a third party. After the Court of Common Pleas sustained Kinner's preliminary objections to the complaint, PRA filed an amended complaint. Once again, Kinner filed preliminary objections that the court sustained. PRA did not file a second amended complaint. Instead, it filed a praecipe to discontinue the action without prejudice.

Kinner then sued PRA in the Court of Common Pleas of Bradford County. In a two-count complaint, she alleged that PRA sued her for improper purposes. She claimed PRA had no intention of proving the debts it sought to collect, lacked probable cause to sue, and did so to intimidate Kinner into a settlement. As relevant here, Kinner claimed PRA violated Pennsylvania's Dragonetti Act. PRA removed the case to federal court. The District Court granted summary judgment to PRA on all claims. Kinner appealed.

II[1]

The Dragonetti Act requires that the civil action that serves as the basis of the

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1367. We have jurisdiction under 28 U.S.C. § 1291. Our review is de novo. *Cat Internet Servs., Inc.*

2

claim be one that terminated in plaintiff's favor. 42 Pa. Cons. Stat. § 8351(a)(2); *see also Raynor v. D'Annunzio*, 243 A.3d 41, 53 (Pa. 2020). Kinner argues that the District Court erred when it found that PRA's state court debt collection action did not terminate in her favor. She contends that "after the time expired to either file a second amended pleading or appeal . . . PRA filed a praecipe to discontinue because they knew they had already lost." Kinner Br. 12. Because PRA "did not answer the bell in the fight they started," Kinner argues that the action terminated in her favor. *Id.* (quoting *Bannar v. Miller*, 701 A.2d 232, 239 (Pa. Super. Ct. 1997)).

We are unpersuaded. Here, PRA withdrew its complaint without prejudice early in the proceedings, after Kinner's preliminary objections were sustained and the deadline for filing a second amended complaint had passed. *See* Pa. R. Civ. P. 229; *Bannar v. Miller*, 701 A.2d 242, 248 (Pa. Super. Ct. 1997) (holding that claims withdrawn *on the day of trial* resulted in a favorable termination to the Dragonetti Act plaintiff as "neither clients nor attorneys were attempting to properly adjudicate the claim"). This withdrawal was not "tantamount to the unbidden abandonment of a claim brought in bad faith," so it was not a favorable termination in favor of Kinner. *Majorsky v. Douglas*, 58 A.3d 1250, 1270 (Pa. Super. Ct. 2012); *see also D'Elia v. Folino*, 933 A.2d 117, 122 (Pa. Super. Ct. 2007). As the District Court concluded, her Dragonetti Act claim failed for that reason. We will affirm.

---

*v. Providence Washington Ins. Co.*, 333 F.3d 138, 141 (3d Cir. 2003).

3