**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-2367

_____

ANN V. SHEEHAN,
                    Appellant

v.

SHIPPENSBURG UNIVERSITY; LAURIE PORTER; NIPA BROWDER

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:22-cv-01871)
District Judge: Honorable Jennifer P. Wilson

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 23, 2026

Before: HARDIMAN, SCIRICA, and AMBRO, *Circuit Judges*.

(Filed: June 26, 2026)

_____

OPINION[*]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge.*

Ann V. Sheehan appeals a summary judgment for Shippensburg University and two of its human resources employees, Laurie Porter and Nipa Browder, on her Americans with Disabilities Act (ADA), Pennsylvania Human Relations Act (PHRA), and Rehabilitation Act (RA) claims. We will affirm.

I

Sheehan was employed by Shippensburg as a Clerk Typist 2, referred to colloquially as a department secretary, with the psychology department beginning in August 2018. In March 2020, the campus shut down because of the COVID-19 pandemic. All employees were permitted to work remotely during the beginning of the pandemic. And Sheehan, in accordance with Shippensburg's flexible-work policy, worked remotely until May 2021. During the 2020 to 2021 school year, when Sheehan worked remotely, only some students and faculty were on campus.

When the flexible-work policy ended in May 2021, Sheehan returned to work in person. But when a new COVID-19 variant appeared in December 2021, she asked to work remotely. Shippensburg responded by telling her to apply for an ADA accommodation. It also offered to install plexiglass barriers around her work area. The next month, Shippensburg denied Sheehan's remote work accommodation request because it claimed that the essential functions of a Clerk Typist 2 required in-office work. Shippensburg later denied Sheehan's second ADA request, again explaining that "working in the office is an essential function of [her] position, [and so] working from home is not a reasonable accommodation." App. 714. In February 2022, after Sheehan

2

did not comply with numerous requests to return in person, Shippensburg terminated her employment.

Sheehan filed this action alleging disability discrimination by failure to accommodate under the PHRA and RA against all defendants, disability discrimination under the ADA and interference with rights under the FMLA against Shippensburg, and aiding and abetting disability discrimination under the PHRA against Porter and Browder. The District Court granted summary judgment to Defendants on all claims. Sheehan timely appealed.[1]

II[2]

"A disabled employee may establish a *prima facie* case under the ADA [, RA, and PHRA] if she shows that she can perform the essential function of the job with reasonable accommodation and that the employer refused to make such an accommodation." *Turner v. Hershey Chocolate U.S.*, 440 F.3d 604, 610 (3d Cir. 2006); *see* n. 2, *supra*. Here, the District Court granted summary judgment to Shippensburg, Porter, and Browder because it determined that Sheehan could not show that the only

---

[1] Sheehan requests "remand for trial on all claims." Sheehan Br. 11. But we will not consider her FMLA claim because she did not challenge that aspect of the Court's judgment in her appellate brief.

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction under 28 U.S.C. § 1291. Our review is de novo. *Cat Internet Servs., Inc. v. Providence Washington Ins. Co.*, 333 F.3d 138, 141 (3d Cir. 2003). We will discuss Sheehan's ADA, RA, and PHRA claims together because her failure to accommodate claims are analyzed identically under these statutes. *Antol v. Perry*, 82 F.3d 1291, 1299 (3d Cir. 1996); *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999).

accommodation acceptable to her—remote work—was reasonable. We agree.

A

We must first determine whether the in-person components of Sheehan's work were essential functions of a Clerk Typist 2. A job duty is an "essential function" if it is "fundamental" to the employment position. 29 C.F.R. § 1630.2(n)(1). Marginal functions are not essential. *Id.*

Sheehan argues that a Clerk Typist 2's "essential functions" are "primarily remote-capable: data entry, database management, and communications by phone/email." Sheehan Br. 7. She claims "limited on-site tasks could be delegated to others." *Id.*

The record shows otherwise. Sheehan was the psychology department's only secretary. According to her job description, her position included multiple in-person duties, such as screening visitors and phone calls, answering inquiries or referring them to the appropriate person, sorting mail and routing it to the proper person, collecting and controlling faculty and staff keys, proctoring exams, and posting signs. As Sheehan conceded, her position involved many in-person tasks such as running errands on campus, putting notes on faculty members' doors, going to the print shop, unlocking doors, hanging up flyers, and interacting with students in the psychology department. "Sheehan acknowledged that, when she worked remotely, 'these duties' sometimes did not get done[] or were done by secretaries from other departments working overtime." App. 111, 915. There is no genuine dispute that the tasks just described are essential functions of Sheehan's position.

4

B

We turn next to whether Sheehan could fulfill her essential duties with a reasonable accommodation. *Turner*, 440 F.3d at 610. Sheehan demanded a fully remote accommodation, and she argues that her in-person responsibilities could be performed by using student workers and graduate assistants. But having student workers and graduate assistants cover her work is "not an accommodation designed to help [Sheehan] perform an essential duty of the job. Rather, it is a request to be *exempted* from an essential duty." *Donahue v. Consol. Rail Corp.*, 224 F.3d 226, 232 (3d Cir. 2000) (emphasis in original). And Sheehan's role requires her to supervise graduate assistants to ensure they are physically present for their assigned hours in the department, so that solution does not work either.

Sheehan's proposal is even more unreasonable given the structure of Shippensburg's psychology department. The department typically hires one student worker per semester for up to seven hours per week when classes are in session and no student workers when classes are not in session. Shippensburg is not required to hire more student workers to accommodate Sheehan.

For all these reasons, a fully-remote accommodation would have been unreasonable given Sheehan's duties. So her ADA, RA, and PHRA claims fail as a matter of law.[3]

---

[3] Sheehan's aiding and abetting claims against Porter and Browder fail because they are derivative of her failed PHRA claim.