Frank L. D'ELIA, M.D., Appellant

v.

Anita FOLINO, Esquire, Plunkett & Cooney, P.C., Joel Bigatel, Esquire, Appellees.

Superior Court of Pennsylvania.

Submitted July 9, 2007.
Filed Sept. 14, 2007.

Jonathan M. Petrakis, Philadelphia, for appellant.

Joel F. Bigatel, Norberth, appellee, Pro Se.

Gary R. Gremminger, Philadelphia, for Folino and Plunkett & Cooney, appellees.

BEFORE: MUSMANNO, ORIE MELVIN and POPOVICH, JJ.

OPINION BY POPOVICH, J.:

¶ 1 Appellant Frank L. D'Elia, M.D., appeals the order entered on January 19, 2007, in the Court of Common Pleas of Delaware County, that granted the preliminary objections of Appellees Anita Folino, Esquire, Plunkett & Cooney, P.C., and Joel F. Bigatel, Esquire, and dismissed Appellant's lawsuit against Appellees. Upon review, we affirm.

¶ 2 The relevant factual background of this case is as follows: On November 12, 2002, Appellant filed a complaint sounding in wrongful use of civil proceedings against Roseanne McLaughlin, who was the plaintiff in a medical malpractice suit against Appellant, and Appellees, her legal counsel in her medical malpractice suit. Appellant was found not liable as a matter of law in the medical malpractice suit on April 24, 2001, and summary judgment was granted in his favor. Following service of Appellant's com-

plaint, Appellees and McLaughlin, through separate counsel, filed separate preliminary objections in the nature of a demurrer to Appellant's complaint. The trial court denied Appellees' and McLaughlin's preliminary objections on March 4, 2003. Both Appellees and McLaughlin filed timely motions for reconsideration of the trial court's March 4, 2003 orders. The trial court granted reconsideration on May 8, 2003, and ordered Appellant's complaint stricken without prejudice for Appellant to file an amended complaint.[1] The trial court's May 8, 2003 order also stayed Appellant's case pending conclusion of McLaughlin's underlying medical malpractice lawsuit.

¶ 3 Appellant and his urology partners, the other defendants in the underlying medical malpractice suit, executed a settlement agreement and mutual release with McLaughlin in January 2006. Pursuant to the settlement agreement and mutual release, McLaughlin agreed to discontinue her medical malpractice suit against Appellant and his urology partners, including any appeal which might have been taken from the entry of summary judgment in favor of Appellant, and, in return, Appellant agreed to dismiss his wrongful use of civil proceedings case against McLaughlin only. However, Appellant reserved his right to sue Appellees. Thereafter, on the instructions of McLaughlin, Appellee Bigatel filed a praecipe to settle, end, and discontinue the malpractice claim.

¶ 4 Thereafter, on August 9, 2006, Appellant filed his first amended complaint against Appellees alleging wrongful use of civil proceedings. Appellees filed timely preliminary objections in the nature of a demurrer. The trial court entered two separate orders granting the preliminary objections of Appellees. Appellant, in turn, filed a motion for reconsideration. The trial court expressly granted reconsideration and, following oral argument, sustained the preliminary objections by order entered January 16, 2007, resulting in the dismissal of Appellant's first amended complaint. Appellant filed a timely notice of appeal to this Court. The trial court did not order Appellant to file a concise statement of matters complained of on appeal. However, the trial court authored an opinion and, thereafter, filed an amended opinion setting forth its reasoning for granting Appellees' preliminary objections.

¶ 5 Appellant presents the following issues for our review:

A. Whether, under Pennsylvania law, [Appellant,] an underlying defendant in a medical malpractice case[,] who has been dismissed from that case *via* a grant of summary judgment, extinguishes [his] right to bring a subsequent Wrongful Use of Civil Proceedings action against an underlying plaintiff's counsel in accordance with 42 Pa.C.S.A. § 8351, by entering into a settlement agree-

---

1. Our review of the record indicates that Appellee and McLaughlin's "motions for reconsideration" actually constituted an attempt to plead over their original preliminary objections. As a matter of law, preliminary objections are to be pleaded over within 20 days of the denial of the preliminary objections originally filed. *See* Pa.R.C.P. 1028(d). The record reflects that Appellee and McLaughlin's motions for reconsideration were filed beyond the 20–day time limit. Nevertheless, despite the 20–day limitation in Pa.R.C.P. 1028(d),

the trial court is empowered to reconsider an interlocutory order at any time. *See Key Automotive Equip. Spec., Inc. v. Abernethy,* 431 Pa.Super. 358, 636 A.2d 1126, 1129 (1994). Given that the denial of preliminary objections constitutes an interlocutory order, the trial court, pursuant to its inherent power to reconsider its own rulings, was able to grant reconsideration and strike Appellant's complaint without prejudice for him to file an amended complaint. *Id.,* 636 A.2d at 1129.

ment with the underlying plaintiff wherein the only consideration flowing to the underlying plaintiff is a promise not to subsequently sue that plaintiff for Wrongful Use of Civil Proceedings[?]

B. Whether, under Pennsylvania law, [Appellant,] an underlying defendant in a medical malpractice action[,] is precluded from bringing a subsequent Wrongful Use of Civil Proceedings action in accordance with 42 Pa.C.S.A. § 8351, where the underlying plaintiff served an expert report in the underlying action critical of [Appellant?]

Appellant's brief, at 5.

 ¶ 6 We begin with the observation that an order granting preliminary objections in the nature of a demurrer is a final order and is, therefore, appealable to this Court immediately. *See In re Insurance Stacking Litig.,* 754 A.2d 702, 704 (Pa.Super.2000); *see also* Pa.R.A.P. 341(b)(1) (final order disposes of all claims and all parties). Accordingly, we may exercise jurisdiction over this appeal. *See Munn v. Schellenberger,* 447 Pa.Super. 388, 669 A.2d 402, 403 (1996) (Superior Court exercises jurisdiction over appeals filed within 30 days following entry of final order).

 ¶ 7 Appellant contends that the trial court abused its discretion by granting Appellees' preliminary objections. Our review of these issues is governed by the following standard:

When reviewing the dismissal of a complaint based upon preliminary objections in the nature of a demurrer, we treat as true all well-pleaded material, factual averments and all inferences fairly deducible therefrom. Where the preliminary objections will result in the dismissal of the action, the objections may be sustained only in cases that are clear and free from doubt. To be clear and free from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred. Any doubt should be resolved by a refusal to sustain the objections. Moreover, we review the trial court's decision for an abuse of discretion or an error of law.

*Lovelace v. Pa. Prop. & Cas. Ins. Guar. Ass'n,* 874 A.2d 661, 664 (Pa.Super.2005) (citation omitted). Additionally, we note the following:

In assessing the propriety of the trial court's decision to sustain preliminary objections, we examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven.

*Lundy v. Manchel,* 865 A.2d 850, 856 (Pa.Super.2004) (citation omitted).

¶ 8 Appellant asserts that the trial court concluded incorrectly that, because Appellant "brokered" a settlement agreement between McLaughlin, himself, and his urology partners to withdraw her medical malpractice suit, he was unable to sue Appellees for wrongful use of civil proceedings due to the fact that the settlement did not constitute a "favorable termination." *See* 42 Pa.C.S.A. § 8351 (plaintiff in wrongful use of civil proceedings case must prove following elements: (a) initial lawsuit was brought in grossly negligent manner or without probable cause and for purpose other than discovery, joinder, or adjudication; and (b) proceedings have terminated in favor of person against whom they were commenced).

¶ 9 First, we note that entry of summary judgment does not constitute a "favorable termination" as understood in the context of a wrongful use of civil proceedings suit until the summary judgment is final, meaning that it has been upheld by the highest appellate court having jurisdiction over the case or that the summary judgment has not been appealed. *See, e.g., Ludmer v. Nernberg*, 520 Pa. 218, 222, 553 A.2d 924, 926 (1989) (cause of action for wrongful use of civil proceedings does not accrue until party has defeated all attempts of other party to find him liable in underlying suit, this includes appellate process). Therefore, the cause of action in this case did not "accrue" to Appellant until the execution of the settlement, whereupon McLaughlin agreed not to challenge on appeal the entry of summary judgment in Appellant's favor. *Electronic Lab. Supply Co. v. Cullen*, 712 A.2d 304, 310 (Pa.Super.1998). Nevertheless, although the cause of action accrued to Appellant by virtue of McLaughlin's discontinuation of her medical malpractice suit in the settlement, we conclude that the language of the settlement itself forecloses the possibility that Appellant could succeed in his wrongful use of civil proceedings suit.[2]

¶ 10 As noted above, the crux of the settlement was that McLaughlin would waive her right to appeal the entry of summary judgment in Appellant's favor, in exchange for Appellant's pledge that he would not sue her for wrongful use of civil proceedings. In other words, the purpose of the settlement agreement was to "speed up" the procedural requirements necessary for Appellant's cause of action to accrue. Within the settlement agreement, Appellant (and his partners) expressly denied liability in the underlying suit, and

McLaughlin did not admit liability for wrongful use of civil proceedings regarding her initiation of the initial medical malpractice case against Appellant and his partners. *See* Appellees' memorandum in support of preliminary objections, Exhibit "A," 9/22/2006, at 4, ¶ 6.

¶ 11 Generally, when considering the question of "favorable termination" in a wrongful use of civil proceedings case, whether a withdrawal or abandonment constitutes a favorable, final termination of the case against who the proceedings are brought initially depends on the circumstances under which the proceedings are withdrawn. *See Bannar v. Miller*, 701 A.2d 242, 247 (Pa.Super.1997). A withdrawal of proceedings stemming from a compromise or agreement does not, as a matter of law, constitute a termination favorable to the party against whom proceedings have been brought originally. *See Rosenfield v. Pennsylvania Auto. Ins. Plan*, 431 Pa.Super. 383, 636 A.2d 1138, 1142 (1994). Likewise, contrary to Appellant's argument, a wrongful use of civil proceedings suit may be dismissed on the grounds of an insufficiently "favorable termination" even if the attorney-defendant in the wrongful use of civil proceedings suit was not part of the settlement between the parties or even if the language of the settlement itself reserves a party's right to initiate suit based on wrongful use of civil proceedings against a party's attorney. *Electronic Lab. Supply Co. v. Cullen*, 712 A.2d 304, 310–11 (Pa.Super.1998).

¶ 12 As we held in *Cullen*, where the parties to the underlying suit agree jointly to end the underlying suit in a non-litigious nature, the liability of the underlying defendant, *i.e.*, the plaintiff in the wrongful use of civil proceedings suit,

---

**2.** The settlement agreement is attached as Exhibit "A" to the memorandum of law append-

ed to Appellees' preliminary objections, filed September 22, 2006.

is never determined with finality. *Cullen,* 712 A.2d at 311. Therefore, the underlying suit is not a "favorable termination" within the meaning of 42 Pa.C.S.A. § 8351. *Id.,* 712 A.2d at 311. Although there was no monetary payment made between Appellant and McLaughlin as in a typical legal "compromise," it is clear that the settlement agreement ended the underlying suit between McLaughlin, Appellant, and his partners in a non-litigious fashion. Consequently, it is clear that Appellant's liability, or lack thereof, was never and can never be determined with finality. As such, Appellant was not the "victor" in the underlying lawsuit, and he cannot, as a matter of law, prevail against Appellees in a wrongful use of civil proceedings suit. *See id.,* 712 A.2d at 311. Therefore, the trial court's dismissal of the suit on the basis of Appellee's preliminary objections was proper.[3] *See Lovelace,* 874 A.2d at 664.

¶ 13 Based on our finding, we need not address Appellant's remaining issue.

¶ 14 Order affirmed.

¶ 15 Smith-Ribner, J., dissented.

---

**3.** Appellant also makes an equally unavailing argument with regard to the "coordinate jurisdiction rule." The "coordinate jurisdiction rule" requires that courts of the same jurisdiction cannot overrule each other's decisions in the same case. *See Jones v. Rivera,* 866 A.2d 1148, 1151 (Pa.Super.2005). Appellant contends that, because the Honorable George A. Pagano denied Appellees' first set of preliminary objections *via* order entered March 4, 2003, the Honorable James F. Proud could not entertain subsequent preliminary objections. This argument is without merit. Judge Pagano vacated his order of March 4, 2003, in its entirety with his grant of reconsideration on May 8, 2003. Consequently, the March 4, 2003 order is a legal nullity. *See, e.g., Commonwealth v. Colding,* 482 Pa. 112, 393 A.2d 404 (1978) (effect of vacation of order is to declare vacated order a nullity). As such, the coordinate jurisdiction rule is not implicated.