J-S38044-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DONEL LISA FORTE, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JANET FORTE, | : | |
| MINDY J. SNYDER, ESQUIRE AND | : | |
| McNAMARA BOLLA & PANZER, | : | |
| | : | |
| Appellees | : | No. 2989 EDA 2013 |

Appeal from the Order Entered September 26, 2013,
In the Court of Common Pleas of Philadelphia County,
Civil Division, at No. 01479 June Term, 2013.

BEFORE:  FORD ELLIOTT, P.J.E., BOWES and SHOGAN, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED SEPTEMBER 11, 2014**

Appellant, Donel Lisa Forte, appeals from the order that sustained the preliminary objections in the nature of a demurrer filed by her mother-in-law, Janet Forte, her mother-in-law's counsel, Mindy J. Snyder, Esquire, and counsel's law firm, McNamara, Bolla, and Panzer (collectively "Appellees").[1] After review, we affirm.

It is undisputed that in 2008, Janet Forte loaned $118,321.00 to her son, Raymond Forte, and his wife, Appellant, for the purchase of a house. This loan was memorialized in a promissory note dated August 15, 2008.  In 2012, while Appellant and Raymond Forte were in the midst of divorce

---

[1] An order granting preliminary objections in the nature of a demurrer is a final and appealable order.  Pa.R.A.P. 341(b)(1).

proceedings, Janet Forte retained Mindy J. Snyder, Esquire of McNamara, Bolla, and Panzer in an effort to enforce the loan obligation. On December 17, 2012, Janet Forte filed a complaint against Appellant and Raymond Forte in anticipation of their breach of the loan agreement.[2] However, on March 12, 2013, Janet Forte filed a "praecipe to settle, discontinue and end without prejudice." Praecipe, 3/12/13. Then, on June 11, 2013, Janet Forte filed a petition to intervene in Appellant's divorce proceedings in order to protect her interest in any proceeds from the sale of the home in equitable distribution. However, following the voluntary discontinuance of Janet Forte's initial suit without prejudice, Appellant filed a complaint against Appellees alleging wrongful use of civil proceedings under the Dragonetti Act, 42 Pa.C.S.A. §§ 8351–8354. Appellees responded by filing preliminary objections in the nature of a demurrer. In an order filed on September 26, 2013, the trial court sustained Appellees' preliminary objections and dismissed Appellant's complaint. Appellant filed a motion for reconsideration that was denied by the trial court, and Appellant filed the instant appeal.

On appeal, Appellant raises the following issue for this Court's consideration:

---

[2] A claim for anticipatory breach is a valid cause of action under Pennsylvania law and requires an unequivocal refusal to perform or a distinct and positive statement of an inability to do so. ***2401 Pennsylvania Ave. Corp. v. Federation of Jewish Agencies of Greater Philadelphia***, 489 A.2d 733, 736 (Pa. 1985).

1. Did the Lower Court commit reversible error by granting [Appellees'] preliminary objections in the form of demurrers to [Appellant's] complaint where [Appellant's] complaint contained sufficient factual averments to support a Dragonetti claim under 42 Pa.C.S.A. sec. 8354 against each of the [Appellees] and where the underlying action was terminated in favor of [Appellant]?

Appellant's Brief at 6.

The scope and standard of review we apply when examining a challenge to an order sustaining preliminary objections in the nature of a demurrer are as follows:

> Our review of a trial court's sustaining of preliminary objections in the nature of a demurrer is plenary. Such preliminary objections should be sustained only if, assuming the averments of the complaint to be true, the plaintiff has failed to assert a legally cognizable cause of action. We will reverse a trial court's decision to sustain preliminary objections only if the trial court has committed an error of law or an abuse of discretion.

> All material facts set forth in the complaint as well as all inferences reasonably [deducible] therefrom are admitted as true for [the purpose of this review]. The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.

*Lerner v. Lerner*, 954 A.2d 1229, 1234 (Pa. Super. 2008) (internal citations omitted).

Here, Appellant claims that the trial court erred in sustaining Appellees' preliminary objections in the nature of a demurrer and erred in concluding that Appellant did not satisfy her burden of proof to bring a claim

-3-

under the Dragonetti Act. The relevant portion of the Dragonetti Act provides as follows:

**Burden of proof**

In an action brought pursuant to this subchapter the plaintiff has the burden of proving, when the issue is properly raised, that:

(1) The defendant has procured, initiated or continued the civil proceedings against him.

(2) The proceedings were terminated in his favor.

(3) The defendant did not have probable cause for his action.

(4) The primary purpose for which the proceedings were brought was not that of securing the proper discovery, joinder of parties or adjudication of the claim on which the proceedings were based.

(5) The plaintiff has suffered damages as set forth in section 8353 (relating to damages).

42 Pa.C.S.A. § 8354.

Appellant specifically argues that the trial court was incorrect in concluding that she failed to establish that Janet Forte's initial complaint was terminated in Appellant's favor as required under 42 Pa.C.S.A. § 8354(2). We disagree.

As set forth above, Janet Forte voluntarily discontinued her case against Appellant without prejudice. We cannot agree, however, that this discontinuance amounts to a termination in Appellant's favor.

"Generally, when considering the question of 'favorable termination' in a wrongful use of civil proceedings case, whether a withdrawal or abandonment constitutes a favorable, final termination of the case against who[m] the proceedings are brought initially depends on the circumstances under which the proceedings are withdrawn." *D'Elia v. Folino*, 933 A.2d 117, 122 (Pa. Super. 2007) (citing *Bannar v. Miller*, 701 A.2d 242, 247 (Pa. Super. 1997)). "A withdrawal of proceedings stemming from a compromise or agreement does not, as a matter of law, constitute a termination favorable to the party against whom proceedings have been brought originally." *Id*. (citing *Rosenfield v. Pennsylvania Auto. Ins. Plan*, 4636 A.2d 1138, 1142 (Pa. Super. 1994)).

As noted above, Janet Forte voluntarily withdrew her initial complaint filed against Appellant. In her brief, Appellant cites to *Bannar* as support for her position that the voluntary withdrawal can be construed as a termination in her favor. Appellant's Brief at 11-12. The circumstances in *Bannar*, however, are not present in the instant case.

In *Bannar*, Harry Miller and his wife Jean, owners of the Brownstone Inn, sued Jane Bannar and twenty-seven others who had been picketing the Brownstone Inn. The picketers contended that Miller was illegally dumping sewage. The Millers contended that Bannar and the others were liable for defamation, injurious falsehood, invasion of privacy, interference with

contractual relations, nuisance, outrageous conduct, and conspiracy. The Millers' complaint demanded compensatory damages for loss of income at the Brownstone Inn and diminution in property value of one million dollars for each count in addition to punitive damages of one million dollars from each individual named in the suit for each count. The Millers subsequently discontinued the suit, and Bannar and the others filed an action against the Millers and their attorney under the Dragonetti Act. Following a trial on the Dragonetti Act claim, a jury returned a verdict in favor of Bannar and the picketers. The Millers appealed and claimed, among other things, that their discontinuance of the suit against the picketers did not constitute a termination in the picketers' favor. This Court disagreed:

> These factual circumstances lead to a determination that the voluntary dismissal constitutes a final determination in favor of the persons against whom the proceedings were brought; they tend to establish neither clients nor attorneys were attempting to properly adjudicate the claim. A last-second dismissal in the face of imminent defeat is not favorable to appellants. Appellants did not answer the bell in the fight they started, which is a victory for the other side.

**Bannar**, 701 A.2d at 248. This Court concluded that the Millers' discontinuance was a termination in favor of Bannar and the picketers because the Millers' suit was brought for an improper purpose, and neither the Millers nor their counsel were attempting to properly adjudicate their multi-million dollar claims against the picketers. **Id**.; **see also Majorsky v. Douglas**, 58 A.3d 1250 (Pa. Super. 2012) (distinguishing **Bannar** and

noting that the voluntary discontinuance in **Bannar** was deemed a termination in favor of the picketers because there was a clear improper purpose in the filing of the complaint).

In the case at bar, Appellant asserts that, similar to **Bannar**, the discontinued action was brought in bad faith and for an improper purpose. Appellant's Brief at 13. Appellant alleges that while Janet Forte's suit was brought under the auspices of the loan, the promissory note had by its terms not yet come due, and this was a ploy by Janet Forte to get Appellant to agree to unfavorable divorce terms. **Id**. The promissory note reads in full as follows:

> August 15, 2008
>
> I Donel Forte, and I Raymond Forte, have borrowed the sum of $118,321.00, One hundred eighteen thousand three hundred twenty-one dollars from Janet Forte. The total amount of debt of $118,321.00 is shared equally between Donel Forte and Raymond Forte. This entire sum will be repaid first before any other debt is paid in the event of the sale of the house, plus a simple percentage increase based on the difference between the sale price of the house and the purchase price of the house.
>
> s/ Donel Forte _____
> Donel Forte                                          Date
>
> s/ Raymond S. Forte _____
> Raymond S. Forte                                   Date
>
> $9,000
> $25,000
> $85,000
> -$679.00
> $118,321.00

Promissory Note, 8/15/08.

While the house had not yet been sold, Janet Forte had an enforceable claim against the proceeds from such sale, and her request that Appellant and her son **acknowledge** the debt did not, by the terms of the promissory note, require sale of the property. In her initial complaint, Janet Forte averred that she sought to have Appellant and her son repay or at least acknowledge the loan, and when there was no acknowledgement of the existence of this debt, Janet Forte filed the complaint anticipating a breach of the agreement. Complaint, 12/17/12, at ¶ 9. Moreover, we have no evidence before us concerning the divorce action or the terms Appellant was allegedly being coerced to accept. Thus, the facts of this case are distinguishable from the facts in **Bannar** where this Court concluded that there was a clear improper purpose. Under the circumstances presented here, the fact that Janet Forte discontinued the initial suit voluntarily and then intervened in the divorce proceedings in order to secure her undisputed right to the proceeds from the sale of the house, does not, under the Dragonetti Act or the cases cited above, amount to improper purpose or bad faith. **D'Elia**, 933 A.2d at 122.

For the reasons set forth above, we agree with the trial court that Janet Forte's discontinuance was not a termination in favor of Appellant. As the trial court aptly concluded: "[T]here has been no adjudication in the

underlying loan action as [Janet Forte] voluntarily dismissed the matter without prejudice and sought to intervene in the divorce action to litigate the issue." Trial Court Opinion, 11/13/13, at unnumbered page 4. Moreover, we conclude that there was no improper purpose in Janet Forte's initial suit whereby she was attempting to secure the loan she made to her son and Appellant.

Thus, Janet Forte had a valid cause of action, she voluntarily withdrew the complaint in civil court, and asserted the same claim in the divorce court proceedings. Therefore, we cannot conclude that there was a termination of the underlying action in Appellant's favor, and we discern no error of law or abuse of discretion in the trial court's order. *Lerner*, 954 A.2d at 1234. Accordingly, we affirm the trial court's order.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/11/2014