J-A27037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LEE E. CLAYPOOL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OLIVER H. CLAYPOOL, JR., | : | |
| | : | |
| Appellant | : | No. 616 WDA 2017 |

Appeal from the Judgment entered on March 14, 2017
In the Court of Common Pleas of Clarion County
Civil Division at No(s):  894 CD 2014

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:  **FILED DECEMBER 12, 2017**

Oliver H. Claypool, Jr. ("Oliver"), appeals, *pro se*, from the Judgment entered against him and in favor of the plaintiff in the underlying action, Lee E. Claypool ("Lee").[1]  We affirm.

The trial court set forth the relevant history underlying this appeal as follows:

> In 2011, [Oliver] filed a quiet title action against [Lee, Oliver's brother,] at case number 566 CD 2011 (hereinafter the "2011 Case").  In this action, [Oliver] attempted to gain title [to] a parcel of land in Clarion County that he and his ex-wife[, Elizabeth J. Claypool ("Elizabeth"),] had conveyed to "Lee E. Claypool" in 1980 [(hereinafter the "Property")].  [Oliver] argued that he had been using the pseudonym Lee Edward Claypool, and that the 1980 deed conveyed the [P]roperty to himself under this name.  [Lee] … maintained that the 1980 deed transferred the [P]roperty from [Oliver] to [Lee].  The 2011 Case

_____

[1] Relevant to this case, Lee's middle name is Emerson.

terminated by summary judgment in favor of [Lee] on January 4, 2013. [Lee] then filed the above-captioned action [against Oliver] for wrongful use of civil proceedings under the Dragonetti Act, seeking to recover for the attorney's fees [that Lee] expended in defending against the 2011 Case. *See* 42 Pa.C.S.A. § 8351, *et seq.*

At a hearing in chambers before the trial began, [Oliver, proceeding *pro se*,] offered as exhibits two court opinions in support of his defense that he brought the 2011 Case in good faith [(hereinafter the "Opinions")]. [The trial court] allowed [Oliver] to read portions of the [O]pinions to the jury and to explain why he thought the 2011 Case was justified based on those [O]pinions. [Notably, the trial court] did not allow the jury to have copies of the [Opinions] during its deliberations.

Trial Court Opinion, 5/18/17, at 1-2.

At the close of trial, the jury entered a verdict against Oliver in the amount of Lee's legal fees incurred in the 2011 Case, $12,841.14. Oliver then filed a *pro se* Motion for Post-Trial relief, which the trial court denied by an Order entered on March 13, 2017. On March 14, 2017, Lee filed a Praecipe seeking entry of judgment in his favor. On the same date, the Prothonotary entered judgment against Oliver in the amount of $12,841.14.

Oliver timely filed a Notice of Appeal,[2] in response to which the trial court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors

---

[2] Though Oliver purported to appeal from the March 13, 2017 Order denying his Motion for Post-Trial relief, it is settled that, "[u]nder our Appellate Rules, an appeal in a civil case in which post-trial motions are filed lies from the entry of judgment." **K.H. v. J.R.**, 826 A.2d 863, 871 (Pa. 2003) (citing Pa.R.A.P. 301). We have altered the caption accordingly.

complained of on appeal. Oliver filed a timely Concise Statement, and the trial court then issued a Pa.R.A.P. 1925(a) Opinion.

Oliver now presents the following issues for our review:

1. Whether the trial court erred when[,] although allowing [Oliver] to read excerpts from [the O]pinions … to show that [Oliver] acted appropriately in filing his action [], [the trial court] refus[ed] to admit into evidence the actual true copies of the [] [O]pinions?

2. Whether the absence of an indispensable party[, Elizabeth,] in the underlying action resulted in the decision therein being void and due no respect[,] and therefore[,] as a matter of law[,] not a determination in favor of [Lee,] so that [Lee] may not prevail in his action for improper use of civil proceedings?

Brief for Appellant at 5.

In his first issue, Oliver argues that the trial court erred by denying his request to permit the jury to have copies of the Opinions during deliberations. *See id.* at 15-17. Oliver contends that "where [Lee] was allowed to introduce into evidence [at trial] … the [trial c]ourt Order in [the 2011] Case …, in its written form, in its entirety, it is patently unfair for the court not to allow the jury to have the [] [O]pinions offered by [Oliver]." *Id.* at 15; *see also id.* at 16 (asserting that, therefore, "the jury only had the opportunity to consider one side of the story."). However, Oliver concedes that "[w]hile the court may make exhibits available to the jury during its deliberations, it is not required to do so." *Id.* at 15.

It is settled law that "[t]he determination of what documents should go out with the jury is within the discretion of the trial judge." *Ratti v.*

- 3 -

***Wheeling Pittsburgh Steel Corp.***, 758 A.2d 695, 710 (Pa. Super. 2000); ***see also Williams v. Lumbermen's Ins. Co.***, 1 A.2d 658, 662 (Pa. 1938) (same). Pennsylvania Rule of Civil Procedure 223.1, Conduct of the Trial, provides, in pertinent part, that "[t]he court **may** … make exhibits available to the jury during its deliberations[.]" Pa.R.C.P. 223.1(d)(3) (emphasis added).

In its Rule 1925(a) Opinion, the trial court explained its reasons for not allowing the jury to take copies of the Opinions into its deliberations, stating as follows:

> I determined that reading and interpreting case law was beyond the ken of a jury of laypeople, and allowing the jury to view the full [O]pinions during its deliberations had potential to create confusion. The jury's role was properly limited to making a factual determination as to [Oliver's] motive in filing the 2011 Case. Therefore, this complaint of error is without merit.

Trial Court Opinion, 5/18/17, at 2. As we discern no error or abuse of the trial court's discretion in this regard, and agree with its rationale and determination, Oliver's first issue thus fails. ***See, e.g., Kearns v. Clark***, 493 A.2d 1358, 1362 (Pa. Super. 1985) (holding that the trial court acted within its discretion in not permitting certain exhibits, *i.e.*, "the *curriculum vitae* of two defense expert witnesses, an expert witness'[s] report, and [a physician's] patient records of [plaintiff,]" to go out with the jury during deliberations, where the substance of some of these exhibits was already presented to the jury via testimony, and some of the exhibits could be "subject to misinterpretation in the absence of explanation.").

In his second issue, Oliver argues that the jury's verdict in favor of Lee in this case is void as a matter of law, due to Lee's failure to join an indispensable party to the underlying 2011 Case, *i.e.*, Elizabeth. **See** Brief for Appellant at 17-23. Oliver avers that "in actions intended to affect the title to property which is either held or claimed by tenants by the entireties, both spouses are indispensable parties and must be joined." **Id.** at 23. Oliver contends that "[c]learly, Elizabeth … has an interest in the issue of whether 'Lee E. Claypool' is [Lee] or [Oliver]." **Id.** at 19; **see also** Reply Brief for Appellant at 28 (protesting that "for the [trial c]ourt to rule to the effect that [Elizabeth] has no interest, without her ever having a chance to be heard, would violate her rights to due process of law."). Therefore, Oliver maintains, the entry of summary judgment for Lee in the 2011 Case is not a valid determination in favor of Lee, and Lee thus could not prevail in a subsequent action for improper use of civil proceedings. Brief for Appellant at 17.

The trial court addressed this claim in its Opinion, and set forth the applicable law, as follows:

> To succeed on a claim for Wrongful Use of Civil Proceedings, the [p]laintiff must establish that the proceedings he contends were wrongfully initiated were "terminated in favor of the person against whom they [were) brought." 42 Pa.C.S.A. § 8351(a)(2). Here, [Oliver] claims that the court's grant of summary judgment in favor of [Lee] in the 2011 Case was void for want of jurisdiction; therefore, the 2011 Case was not validly terminated in [Lee's] favor. [Oliver] claims that [Elizabeth] was an indispensable party to the 2011 Case. In the first of several [A]mended [C]omplaints in the 2011 Case, [Oliver] joined

[Elizabeth] as a defendant. However, in response to [P]reliminary [O]bjections by [Lee], [Oliver] voluntarily removed [Elizabeth] as a party in his subsequent [A]mended [C]omplaint.

Failure to join an indispensable party "implicates the trial court's subject matter jurisdiction," *Orman v. Mortgage I.T.*, 118 A.3d 403, 406 (Pa. Super. 2015), and a judgment may be collaterally attacked in any case and in any court for want of subject matter jurisdiction, *Barnes v. McKellar*, 644 A.2d 770, 773 (Pa. Super. 1994). "[A] party is indispensable when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights. If no redress is sought against a party, and its rights would not be prejudiced by any decision in the case, it is not indispensable with respect to the litigation." *Orman*, 118 A.3d at 406 (internal quotations omitted). Here, [Elizabeth] was not an indispensable party to the 2011 Case. The deed contested in the 2011 Case was signed in 1980[,] and conveyed [P]roperty from [Oliver] and [Elizabeth], as grantors, to "Lee E. Claypool," as grantee. [Oliver] and [Elizabeth] were legally divorced in 1981. The factual issue in the 2011 Case thus revolved around whether "Lee E. Claypool" was [Lee] or [Oliver]. By virtue of both the deed and the[] divorce shortly after the 1980 conveyance, [Elizabeth] had no remaining rights to the contested [P]roperty. Since [Elizabeth] had no rights that could have been impaired by the 2011 Case, she cannot be considered an indispensable party.

As a matter of law, the 2011 Case terminated in favor of [Lee] through the January 14, 2013 [O]rder granting summary judgment to [Lee]. This [O]rder was a final judgment adjudicating all issues raised in the Complaint. "[E]ntry of summary judgment does not constitute a 'favorable termination' as understood in the context of a wrongful use of civil proceedings suit until the summary judgment is final, meaning that it has been upheld by the highest appellate court having jurisdiction over the case or that the summary judgment has not been appealed." *D'Ella v. Folino*, 933 A.2d 117, 122 (Pa. Super. 2007). For the 2011 Case, the time for filing an appeal of the court's summary judgment [O]rder has long since passed, and [Oliver] did not appeal that [O]rder. Therefore, it was properly considered a final order for the purposes of the Dragonetti Act, and [Oliver's] second claim of error is meritless.

- 6 -

Trial Court Opinion, 5/18/17, at 2-4.  The trial court's sound analysis is supported by the law and the record, and we agree with its legal determination.  We therefore affirm on this basis in rejecting Oliver's second issue.  ***See id.***

Finally, to the extent that Oliver presents issues in his brief that he did not raise in the trial court, or preserve in his court-ordered Concise Statement,[3] these issues are waived.  ***See*** Pa.R.A.P. 302(a) (stating that a claim cannot be raised for the first time on appeal); Pa.R.A.P. 1925(b)(4)(vii) (stating that issues not included in a court-ordered concise statement are waived).

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/12/2017

---

[3] ***See, e.g.,*** Brief for Appellant at 19-20 (asserting that the deed to the Property was invalid because the signatures were not witnessed), 21 (complaining that "[t]he January 14, 2013 Order granting summary judgment did not consider all of the issues raised in the 2011 Complaint, and it makes no mention of a ruling on [Oliver's] New Matter and Counterclaim[.]  Thus, the … Order was interlocutory ….").