J-A01042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CARMEN ENTERPRISES, INC., AND BRUCE J. CHASAN | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1213 EDA 2017 |
| MURPENTER, LLC, ROBERT DOUGLAS CARPENTER, JR., KATHLEEN MURPHY, ELY GOLDIN, FOX ROTHCHILD, LLP, AND EDWARD J. DIDONATO | : | |

Appeal from the Order Entered March 10, 2017
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  March Term, 2016 No. 00402

BEFORE:   LAZARUS, J., OTT, J., and PLATT[*], J.

MEMORANDUM BY OTT, J.:                              **FILED MARCH 26, 2018**

Carmen Enterprises, Inc. and Bruce J. Chasan (collectively, "Carmen") appeal from the order entered March 10, 2017, sustaining the preliminary objections of defendants, Murpenter, LLC, Robert Douglas Carpenter, Jr., and Kathleen Murphy (collectively, "Murpenter").  Included in this appeal, Carmen also challenges the court's order, entered on November 4, 2016,[1] denying its motion to disqualify Jeff Goldin as counsel for Murpenter.  Based on the following, we quash this appeal.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]  The order was subsequently docketed on November 7, 2017.

With respect to the preliminary objections, the trial court set forth the facts and procedural history as follows:

I.    Background

        This action for wrongful use of civil process stems from an earlier lawsuit in Montgomery County captioned ***Carmen Enterprises, Inc. v. Murpenter, LLC***, Montgomery County C.C.P. No. 2002-07223 ("underlying action").  Plaintiffs are Carmen Enterprises, Inc. ("Carmen") and Bruce J. Chasan ("Chasan") (collectively referred to as [Carmen]).  Carmen was a travel agency that operated as a franchisee of Cruise Holidays International, Inc., Cruise Holidays International, Inc. and ByeByeNow.com Travel Agency.  Chasan, an attorney, was the founding director, officer and shareholder of Carmen along with his former wife Carmen McLeod who relinquished her shares to Chasan in a divorce settlement.  The defendants are Murpenter, LLC and its owners Robert Douglas Carpenter and Kathleen Murphy … and the attorneys the Murpenter defendants hired to represent them in the underlying action, Fox Rothschild, LLP, Ely Goldin, Esquire and Edward DiDonato, Esquire (collectively referred to as "Attorney Defendants").

II.   The Underlying Action

        On October 31, 2001, Carmen and Murpenter entered into a Purchase and Sale Agreement wherein the travel agency business was sold to Murpenter.  In April 2002, Chasan instituted suit against Murpenter in Montgomery County for breach of contract and other claims.  Chas[a]n represented Carmen throughout the litigation.  The Murpenter[s] were represented by Ely Gold[i]n, Esquire.  During the litigation of the underlying action, [Murpenter] and their attorneys filed a fraud counterclaim, a motion for leave to amend to add a fourth counterclaim for alleged breach of contract, and a bankruptcy petition.[1]

_____

[1] [Carmen] allege[d] in the second amended complaint that defendants' filings were baseless and solely made to delay trial and cause plaintiffs to withdraw the litigation.

_____

The underlying action was tried before the Honorable Richard P. Haaz as a bench trial in April 2013. On July 9, 2013, Judge Haaz rendered a decision in favor of Carmen on all counts that were tried. On March 13, 2014, Judge Haaz molded the decision to add certain attorney's fees, costs and expenses as well as prejudgment interest in the amount of $160,833.34, plus post-judgment interest. On March 26, 2014, judgment was entered in favor of Carmen by the Montgomery County Prothonotary. Carmen appealed that portion of the pretrial order that excluded certain of its claims for contractual attorney's fees, and also appealed a post-trial order that denied two post-trial motions for sanctions against Goldin and Fox Rothschild. Murpenter also filed a cross appeal based on the denial of post-trial motions.

On August 12, 2015, the Pennsylvania Superior Court reversed the trial court's order that had excluded some of Carmen's claims for contractual attorney's fees as related to Murpenter but upheld denial as related to Gold[i]n and Fox Rothschild, and ordered a remand for a hearing on reasonable attorney's fees. The Superior Court remanded to Judge Haaz for a hearing on attorney's fees against Murpenter demanded by Carmen.

On November 10, 2015, Carmen filed a petition for allowance of appeal in the Pennsylvania Supreme Court seeking review, hoping to reverse the Superior Court's denial of sanctions directed at Goldin and Fox Rothschild. On November 12, 2015, Murpenter filed a Petition for Allowance of Appeal in the Pennsylvania Supreme Court, seeking review of the Superior Court's reversal of the trial court's order. The effect of the Superior Court's decision is to permit Carmen to continue litigating its demand in the trial court for certain contractual attorney fees as to Murpenter, but not as to Ely Gold[i]n and Fox Rothschild. Murpenter's allocator has been denied.

The only issue therefore remaining before Judge Haaz in Montgomery County is the attorney fees issue from Murpenter.

III.   Instant Action

- 3 -

On March 9, 2016, [Carmen] instituted this **Dragonetti**[2] action for wrongful use of civil process by writ of summons against Murpenter and the attorney defendants. After a Rule, [Carmen] filed their complaint on May 19, 2016. Following preliminary objections, the complaint was then amended on three occasions, June 20, 2016, August 1, 2016 and September 12, 2016. The second amended complaint alleged that [Murpenter] engaged in wrongful use of civil process by filing counterclaims for fraud (count I), breach of contract (count II), conversion (count IV) and procuring and filing a bad faith chapter 7 bankruptcy petition to avoid and/or delay trial (count III)[2]. [Murpenter] filed preliminary objections to the second amended complaint seeking to dismiss the entire action. On December 12, 2016, after an evidentiary hearing on plaintiffs' motion to disqualify counsel for the attorney defendants, we heard oral argument on the pending preliminary objections.

_____

[2] Defendant Edward DiDonato, Esquire was the filing attorney for the Bankruptcy petition.

Trial Court Opinion, 3/10/2017, at 2-5.

Subsequently, on March 10, 2017, the trial court sustained Murpenter's preliminary objections as follows:

1. Counts I, II, and IV are dismissed without prejudice as unripe;

2. Count III is dismissed as preempted by federal law; and

3. Bruce J. Chasan is dismissed as a plaintiff for lack of standing.

Order, 3/10/2017. This appeal followed.[3]

_____

[2] **See** 42 Pa.C.S. §§ 8351-8354.

[3] The court did not order Carmen to file a concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b). Nevertheless, it filed a concise statement on May 1, 2017. The trial court issued an opinion under Pa.R.A.P. 1925(a) on May 8, 2017.

Carmen raises the following arguments:

1.  Whether the trial court erred as a matter of law in holding that Chasan does not have standing as a *Dragonetti* Act plaintiff, per the exception pronounced in *Hart v. O'Malley*, 676 A.2d 222, 225 (Pa. 1996), where:  (a) the meritless counterclaims filed by Murpenter, LLC and Attorney Ely Goldin against Carmen Enterprises, Inc. in the underlying action alleged that Carmen, through actions of its CEO Chasan, had committed fraud (and Chasan also happens to be an attorney), in light of the direct and substantial effect on Chasan; and (b) Chasan was attorney of record for Carmen in the underlying action, and had a direct and substantial interest in light of the contractual attorney's fees provision in the underlying action.

2.  Whether the court erred as a matter of law in holding that [Carmen] could not seek tort damages for wrongful use of civil proceedings (*Dragonetti*) due to the bad faith Chapter 7 bankruptcy petition filed by Murpenter's attorneys (as determined by the bankruptcy court under Bankruptcy Rule 9011), due to preemption under the Bankruptcy Code, where:  (a) the 1993 advisory committee note to Fed.R.Civ.P. 11 expressly states "[I]t should be noted that Rule 11 does not preclude a party from initiating an independent action for malicious prosecution or abuse of process," and Rule 11 is applicable to Bankruptcy Rule 9011; and (b) the Pennsylvania Supreme Court has held that sanctions under Rule 9011 may be insufficient to serve as compensation, as expressed in *Stone Crushed Partnership v. Kassab Archbold Jackson & O'Brien*, 908 A.2d 875, 886-887 (Pa. 2006).

3.  Whether the court erred as [a] matter of law in holding that [Carmen] could not seek tort damages from Attorney Ely Goldin for wrongful procurement of civil proceedings (*Dragonetti*) due to the bad faith Chapter 7 bankruptcy petition filed by Murpenter's attorneys (as determined by the bankruptcy court under Bankruptcy Rule 9011), due to preemption under the Bankruptcy Code, where Goldin did not file the bad faith petition himself, but procured its filing.

4.  Whether the court erred as a matter of law in denying [Carmen's] motion to disqualify attorney Jeffery Goldin from representing the Murpenter parties in this wrongful use of civil proceedings (*Dragonetti*) case, where the Murpenter parties were represented in the underlying action by attorney Ely Goldin

(Jeffrey Goldin's older brother), because the blood relationship between Ely Goldin and Jeffrey Goldin creates a non-waivable conflict of interest.

5. Whether the court erred as a matter of law in dismissing Counts I, II, and IV without prejudice, where Carmen was the prevailing party in the underlying action, and all liability issues as to Murpenter had been resolved with finality, and the Superior Court remand to the trial court was solely concerned with augmenting Carmen's costs and attorney's fees per the terms of the contract in the underlying action.

Carmen's Brief at 3-4 (some capitalization removed). Based on the nature of the claims, we will address Carmen's final claim first.

In its fifth issue, Carmen contends the trial court erred in granting Murpenter's preliminary objections with respect to Counts I, II, and IV and dismissing its complaint for wrongful use of civil proceedings without prejudice as unripe. *See* Carmen's Brief at 57-60.

We begin with our well-settled standard of review:

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

*Clausi v. Stuck*, 74 A.3d 242, 246 (Pa. Super. 2013), *quoting* ***Conway v. The Cutler Group, Inc.,*** 57 A.3d 155, 157-158 (Pa. Super. 2012) (citation omitted).

- 6 -

The wrongful use of civil proceedings statute, provides, in relevant part, as follows.

### § 8351.  Wrongful use of civil proceedings

**(a) Elements of action.**—A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:

> (1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

> (2) The proceedings have terminated in favor of the person against whom they are brought.

42 Pa.C.S. § 8351(a).

> "Generally, when considering the question of 'favorable termination' in a wrongful use of civil proceedings case, whether a withdrawal or abandonment constitutes a favorable, final termination of the case against who [sic] the proceedings are brought initially depends on the circumstances under which the proceedings are withdrawn." ***D'Elia v. Folino,*** 2007 PA Super 286, 933 A.2d 117, 122 (Pa. Super. 2007), *appeal denied,* 597 Pa. 706, 948 A.2d 804 (Pa. 2008), *citing* ***Bannar v. Miller,*** 701 A.2d 242, 247 (Pa. Super. 1997), *appeal denied,* 555 Pa. 706, 723 A.2d 1024 (Pa. 1998).  Our Supreme Court has also commented on when a cause of action under the Dragonetti Act has accrued.

> > The elements required to successfully pursue a cause of action under the Act are the initiation of a lawsuit without probable cause or in a grossly and negligent manner and a favorable outcome in that lawsuit.  Although the initiation of a lawsuit is one element of the cause of action, the cause of action does not accrue until all the requirements have been met which includes obtaining a favorable outcome.

> ***Ludmer v. Nernberg,*** 520 Pa. 218, 553 A.2d 924, 926 (Pa. 1989).  "[A plaintiff]'s [Dragonetti] cause of action d[oes] not

- 7 -

accrue until such time as he successfully defeat[s] the [defendant] in his attempts to have the [plaintiff] held legally liable." ***Id.*** This does not occur until the lawsuit is resolved in the trial court and "is final, meaning that [said resolution] has been upheld by the highest appellate court having jurisdiction over the case or that the [resolution] has not been appealed." ***D'Elia, supra,*** *citing* ***Ludmer, supra.***

***Clausi***, 74 A.3d at 246-247.

Turning to the present matter, the trial court found the following:

[T]he underlying action is not resolved. Currently pending before the trial court is the issue of attorney's fees. Although, the trial court in the underlying action scheduled a hearing for October 2016, the matter has yet to be resolved.[6] Termination of an underlying action for wrongful use purposes does not occur until the judgment is final.[7] Since the issue of attorney fees is still being litigated in the underlying action, judgment is not final and the claims for wrongful use of process is not ripe.

_____

[6] Judicial notice can be taken of pleadings and judgments in other proceedings where appropriate. ***See***, Pa.R.E. 201.

[7] ***D'Elia v. Folino***, 933 A.2d 117, 122 (Pa. Super. 2007).

Trial Court Opinion, 3/10/2017, at 6.

We agree with the trial court's determination. It is evident that the underlying action has not been determined because attorney's fees, a source of the underlying fraud, breach of contract, and conversion claims, are presently on cross-appeals before a separate panel of this Court. ***See Carmen Enterprises, Inc., f/d/b/a Cruise Holidays of Norristown & ByeByeNow.com Travel Store v. Murpenter, LLC, d/b/a Uniglobe Wings Travel***, Docket Nos. 2241 EDA 2017 and 2341 EDA 2017. As such, Carmen's underlying lawsuit has not been resolved and is not considered final,

- 8 -

because said resolution has not been upheld by the highest appellate court having jurisdiction over the case. *See D'Elia v. Folino,* 933 A.2d at 122. Carmen's argument does not persuade us otherwise. Therefore, "we conclude that [Carmen]'s '[Dragonetti] cause of action [has] not accrue[d] ....'" *Clausi*, 74 A.3d at 247 (citations omitted). Consequently, we also find the trial court did not legally err or abuse its discretion when its sustained Murpenter's preliminary objections and dismissed, without prejudice, the *Dragonetti* Act complaint with respect to Counts I, II, and IV. Accordingly, we are compelled to quash this appeal as not ripe for review.

Because we have quashed this appeal, we will not review Carmen's remaining claims, including a challenge to the court's November 4, 2016, order, which denied its motion to disqualify Jeff Goldin as counsel for Murpenter, nor address the merits thereof.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/26/18

- 9 -