NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 18-3487

———————————

LABMD, INC.;
MICHAEL J. DAUGHERTY,
                                        Appellants

v.

TIVERSA HOLDING CORP.; ROBERT J. BOBACK; REED SMITH LLP;
JARROD D. SHAW; CLARK HILL PLC; ROBERT J. RIDGE

———————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 2-17-cv-01365)
District Judge: Honorable Marilyn J. Horan

———————————

Submitted Under Third Circuit L.A.R. 34.1(a)
June 25, 2019

———————————

Before: SMITH, *Chief Judge*, CHAGARES, and GREENAWAY, JR., *Circuit Judges*.

(Opinion Filed: September 11, 2019)

———————————

OPINION[*]

———————————

_____

    [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

This appeal asks that we determine, *inter alia*, whether proceedings that are voluntarily dismissed with prejudice pursuant to Rule 229 of the Pennsylvania Rules of Civil Procedure are terminated in favor of the party against whom they were brought under 42 Pa. Cons. Stat. § 8351(a)(2) of Pennsylvania's Dragonetti Act.[1] The District Court, adopting the Magistrate Judge's Report and Recommendation, held that the circumstances under which the parties terminated their proceedings in this case did not support a determination that the proceedings were terminated in favor of the non-moving party. We agree. We will affirm the District Court's judgment.

I.

The feud between Tiversa Holding Corp. ("Tiversa"), a data security company formerly headed by Robert Boback, and LabMD, Inc. ("LabMD"), a cancer detection laboratory[2] headed by Michael J. Daugherty, began over a decade ago. On February 25, 2008, Tiversa obtained a 1,718-page file (the "1718 file") from LabMD.[3] The 1718 file contained sensitive information on over 9,000 patients. After obtaining the 1718 file,

---

[1] The Dragonetti Act codifies the common law tort for wrongful use of civil proceedings at 42 Pa. Cons. Stat. §§ 8351–55.

[2] LabMD is no longer in operation, but still exists as a company.

[3] The parties dispute the nature by which Tiversa came into possession of the 1718 file. While LabMD asserts that Tiversa "hacked into a LabMD computer" and "stole" the file, Appellants' Br. 9, Tiversa insists that this assertion is false, *see* Appellee Tiversa's Br. 3.

Tiversa offered to sell LabMD its remediation services to no avail. In 2009, Tiversa arranged for the delivery of the 1718 file to the Federal Trade Commission ("FTC"), and in August 2013, the FTC brought an enforcement action against LabMD.[4]

In September 2013, Daugherty published a book about the 1718 file, Tiversa, and the FTC investigation. Tiversa and Boback in response sued LabMD and Daugherty for defamation in the United States District Court for the Western District of Pennsylvania (the "Federal Defamation Action") and in the Allegheny County Court of Common Pleas (the "State Action"). Both defamation suits form the basis of the instant appeal.

Tiversa and Boback, represented by Reed Smith LLP ("Reed Smith") and Jarrod D. Shaw, filed the Federal Defamation Action on September 5, 2013. Their Complaint was based on the allegedly defamatory statements Daugherty made about Tiversa and Boback in connection with his book. LabMD and Daugherty filed a Motion to Dismiss, which was mooted by Tiversa and Boback's filing of a First Amended Complaint. LabMD and Daugherty's subsequent Motion to Dismiss was denied by the District Court, which found that Tiversa and Boback had pled sufficient facts to demonstrate a plausible right to recovery. LabMD and Daugherty thereafter filed an Answer and an Amended

---

[4] Specifically, the FTC "allege[d] that LabMD's data-security program was inadequate and thus constituted an 'unfair act or practice' under Section 5(a) of the Federal Trade Commission Act (the "FTC Act" or "Act"), 15 U.S.C. § 45(a)." *LabMD, Inc. v. Fed. Trade Comm'n*, 894 F.3d 1221, 1224 (11th Cir. 2018). The FTC enforcement action culminated in appeals in the Eleventh and D.C. Circuits. Because the outcomes of these proceedings are not integral to our analysis, we will not discuss their procedural posture at length.

3

Answer.

On November 4, 2014, Tiversa and Boback filed for voluntary dismissal without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Tiversa and Boback noted that their reason for filing this motion was to pursue their claims in the State Defamation Action. The District Court granted the motion on November 4, 2014. LabMD and Daugherty filed a Motion for Reconsideration, which was denied on December 1, 2014.

Tiversa and Boback filed the State Defamation Action on September 23, 2014, again represented by Reed Smith and Shaw. The defamation claims in this proceeding were also based on statements Daugherty had made in connection with his book. LabMD and Daugherty filed preliminary objections, which the trial court denied on August 7, 2015. LabMD and Daugherty then moved for sanctions against Tiversa and Boback, asserting that the defamation claims were not warranted by existing law, and that Tiversa and Boback were aware of the inadequacy of their defamation claims. The trial court denied the motion for sanctions.

On March 10, 2016, Tiversa voluntarily terminated the State Defamation Action with prejudice pursuant to Rule 229 of the Pennsylvania Rules of Civil Procedure. That same day, Reed Smith and Shaw withdrew their appearance on behalf of Boback, and Clark Hill PLC ("Clark Hill"), Robert J. Ridge, and Brandon J. Verdream entered their appearance on behalf of Boback.

On October 20, 2017, LabMD and Daugherty (hereinafter "Appellants") brought this action against Tiversa and Boback, and their counsel, Clark Hill, Ridge, Reed Smith, and Shaw. In their Amended Complaint, Appellants assert (1) a claim of abuse of process against Tiversa, Boback, Clark Hill, Ridge, and Shaw in connection with the State Defamation Action (Count I); (2) a claim of conspiracy to do the same (Count II); and (3) a Dragonetti Act claim against Tiversa, Reed Smith, and Shaw in connection with both the Federal Defamation Action and the State Defamation Action.

On May 17, 2018, Magistrate Judge Maureen P. Kelly recommended that Appellants' Amended Complaint be dismissed. On November 6, 2018, Judge Marilyn Horan adopted Judge Kelly's Report and Recommendation and entered a final judgment in favor of Tiversa, Boback, and their counsel. Appellants filed this appeal, seeking determination on whether the District Court erred in granting the motion to dismiss on Claim III of their Amended Complaint (the "Dragonetti Act" claim) against Tiversa, Clark Hill, and Shaw (hereinafter "Appellees").

## II.[5]

"We exercise plenary review of a district court's order granting a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and apply the same standard as does the District Court." *Edinboro Coll. Park Apartments v. Edinboro Univ.*

---

[5] The District Court had jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), and we have jurisdiction pursuant to 28 U.S.C. § 1291.

*Found.*, 850 F.3d 567, 572 (3d Cir. 2017) (citation omitted). "Under this standard, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks and citations omitted). "Because this case comes to us upon a Rule 12(b)(6) motion to dismiss, we accept the factual allegations contained in the [Amended] Complaint as true, but we disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007); and *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220–21 (3d Cir. 2011)). To survive a Rule 12(b)(6) motion to dismiss, a party "is not required to establish the elements of a *prima facie* case but instead, need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (internal quotation marks and citation omitted).

Here, Appellants argue that the District Court erred in dismissing their Dragonetti Act claim. Under the Dragonetti Act,

> A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:
>
> (1) he acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

6

> (2) the proceedings have terminated in favor of the person against whom they are brought.

42 Pa. Cons. Stat. § 8351(a). To sufficiently plead a Dragonetti Act claim, Appellants must allege facts that support a reasonable expectation that discovery will produce evidence of the required elements. *See Fowler*, 578 F.3d at 213. The parties' dispute concerns the requirement stated in § 8351(a)(2): that the proceedings must have terminated in favor of the person against whom they are brought. Appellants argue that a voluntary termination with prejudice qualifies as a termination in favor of the non-moving party, as required under § 8351(a)(2). Appellees argue that the allegations in the Amended Complaint do not support a finding that the Federal and State Defamation Actions[6] were terminated in favor of Appellants.

"Generally, when considering the question of 'favorable termination' in a wrongful use of civil proceedings case, whether a withdrawal or abandonment constitutes a favorable, final termination of the case against who[m] the proceedings are brought initially depends on the circumstances under which the proceedings are withdrawn."

---

[6] As the District Court noted, Appellants "take the position that the State Defamation Action is a continuation of the Federal Defamation Action and the two actions constitute one action for purposes of the Dragonetti Act." JA 209–10. The District Court assumed arguendo that this argument was valid, concluding that whether or not the Appellants are correct has no bearing on the outcome. We agree; therefore, we will make the same assumption.

7

*D'Elia v. Folino*, 933 A.2d 117, 122 (Pa. Super. Ct. 2007) (citing *Bannar v. Miller*, 701 A.2d 242, 247 (Pa. Super. Ct. 1997)).

Here, Appellees withdrew pursuant to Rule 229 of the Pennsylvania Rules of Civil Procedure, which allows a plaintiff to voluntarily withdraw with prejudice. *See* Pa. R. Civ. P. 229. While Appellants argue that a withdrawal with prejudice is ipso facto a termination favorable to the parties against whom the action is brought, this argument is unconvincing. Pennsylvania courts "have held specifically that, unless the voluntary withdrawal of the prior case was 'tantamount to an unbidden abandonment of a claim brought in bad faith,' the discontinuance of the underlying action does not constitute a favorable termination in favor of the Dragonetti Act plaintiff." *Contemporary Motorcar v. Macdonald Illig Jones & Britton LLP*, No. 783 WDA 2012, 2013 WL 11253857 *1, *4 (Pa. Super. Ct. Sept. 19, 2013) (quoting *Majorsky v. Douglas*, 58 A.3d 1250, 1270 (Pa. Super. Ct. 2012)).

Appellants harp on the fact that Appellees' Rule 229 voluntary withdrawal was with prejudice; suggesting that this alone establishes bad faith and a termination in Appellants' favor. However, the circumstances under which Appellees dismissed their claims does not support a determination that this was a favorable termination for Appellants. Appellees filed their Rule 229 motion in the early stages of the proceeding before substantial discovery had taken place. The early motions practice that occurred had resolved in Appellees' favor. Furthermore, Boback continues to pursue the same

8

claims that were the subject of the voluntary withdrawal. These circumstances do not indicate that the voluntary withdrawal was in Appellants' favor. Without a favorable termination, Appellants' Dragonetti Act claim is not a plausible claim for relief. Therefore, the District Court did not err in granting Appellees' motion to dismiss.

III.

For the foregoing reasons, we will affirm the District Court. [7]

---

[7] In so holding, we will deny as moot Appellants' motion requesting Certification of State Law to the Supreme Court of Pennsylvania pursuant to Third Circuit L.A.R. Misc. 110.1.